UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>   Plaintiff,<br><br>--against--<br><br>JAMIE KREIL,<br><br>   Defendant. | Case No. 20-CV-01929<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |

  Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in opposition to Jamie Kreil's ("Defendant") October 15th, 2020 Motion to Dismiss and request to declare Plaintiff a vexatious litigant in the above-captioned matter.

## PRELIMINARY STATEMENT

  As set forth herein, Defendant's Motion to Dismiss Counts 1 through 5 of the Amended Complaint should be denied. Plaintiff has plausibly alleged facts to support claims for defamation (Count 1), conspiracy to defame (Count 2), abuse of process (Count 3), fraud (Count 4), and intentional infliction of emotional distress (Count 5) in the Amended Complaint as discussed more fully below. Furthermore, Defendant's demand that the Court identify Plaintiff as a vexatious litigant is completely frivolous and only further lends credence to Plaintiff's contentions that Defendant believes she can make false rape allegations to totally destroy lives without any accountability or scrutiny.

1

Additionally, as this memorandum of law will describe in more detail below, Defendant has engaged in patently bad-faith litigation practices including deliberately concealing her identity and attempting to gain a favorable but false summary judgement result by raising new issues in the form of her false affidavit at the very last minute and requesting to prevent Plaintiff from seeking further redress so as to evade accountability for her actions. For the reasons set forth below, the Court should dismiss the request to identify Plaintiff as a vexatious litigant motion in its entirety. The fact that Defendant, who is a wealthy, PhD educated women, can act in concert with multiple Ivy-league educated women who have significant wealth, raises serious questions why Defendant and her surrogates needs consistent *pro bono* lawyers. Where was Robins Kaplan in defending George Floyd or the countless black men who are constantly harassed by a systematically racist judicial system? Yet, Robins Kaplan provides its top tier high dollar *pro bono* legal defense to a wealthy PhD educated woman which raises very serious doubts to the origin of Defendant's claims.

Therefore, Plaintiff opposes Defendant's Motion to Dismiss and request to identify Plaintiff as a vexatious litigant as he has properly stated claims for Counts 1 through 5. As a result, Plaintiff respectfully requests that this Court dismiss Defendant's request to declare Plaintiff a vexatious motion in its entirety for the reasons set forth more fully below.

## STATEMENT OF FACTS

Plaintiff hereby incorporates the extensive facts in *Fredin v. Middlecamp*, Case No. 17-CV-3058 and *Fredin v. Miller,* Case No. 18-CV-466 as though fully set forth within.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must allege sufficient facts, when accepted as true, that state a facially plausible claim for relief." *Jefferson v. Roy*, 2017 WL 4325704, at *1 (D. Minn. Sept. 28, 2017) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations must be sufficient to "raise a right to relief" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "When determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor." *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)

**ARGUMENT**

The dismissal of Counts 1 through 5 would be improper in this case as a matter of law. First and foremost, Plaintiff provided sufficient facts to support Counts 1 through 5. Moreover, Plaintiff has provided facts that are sufficient to show Defendant signed a false affidavit to collaterally to evade legal liability for her actions, maintain her anonymity in further efforts to continue her attacks on Plaintiff, and cover-up her concerted unlawful activities. First, Plaintiff states a defamation claim. Second, Plaintiff states a conspiracy to defame claim. Third, Plaintiff states an abuse of process claim. Fourth, Plaintiff states a fraud claim. Fifth, Plaintiff states an intentional infliction of emotional distress claim.

**I.     Plaintiff States a Defamation Claim**

As described below, several cases establish Plaintiff's strong likelihood of success in stating a defamation claim:

- *Fredin v. Middlecamp*, Case No. 17-3058 (SRN/FLN) (D. Minn. Apr. 13, 2018) (Ms. Middlecamp's re-post of Defendant Kreil's false allegation is "outrageous")

- *Parisi v. Wright*, Case No. 27-CV-18-5381, Hennepin County District Court, State of Minnesota, May 18, 2020. [1] [2] (false rape allegation was "made with malice" in conjunction with a "plethora of [false] allegations") See https://reason.com/wp-content/uploads/2020/05/ParisivWright.pdf

- A false accusation of rape, a serious crime, is defamation *per se* (see *Thomas H. v Paul B.*, 18 NY3d 580, 584 [2012]; *Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *see* also Sprewell v NYP Holdings, Inc., 1 Misc 3d 847, 852 [Sup Ct, NY County 2003]; *Goldman v Reddington*, 2019 WL 4736803 [EDNY Sep. 27, 2019]; *Franco v Diaz*, 51 F Supp 3d 235, 244 [EDNY 2014]

In defaming Plaintiff with her false rape allegation, Defendant Kreil blatantly and knowingly lied by stating that she filed a police report or contacted the Saint Louis Park police department. No such report exists. (*See* Fredin Decl. November 5, 2020 Ex. A-B.)

a. Equitable Tolling on Defamation and Conspiracy to Defamation Claims

In reference to equitable tolling, Plaintiff learned of Defendant Kreil's identity on September 3, 2020. *Fair v. Commc'ns Unlimited, Inc*., No. 4:17 CV 2391 RWS (E.D. Mo. Feb. 23, 2018) (Plaintiff did not have notice and because Defendant did not "opt-in" to a lawsuit as a party where the Plaintiff diligently pursued their claims exceptional circumstances exist to justify equitable tolling.)

Equitable tolling is a "limited and infrequent form of relief" that is available if a party establishes (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Williams v. Kelley*, 830 F.3d 770, 772-73 (8th

---

[1] *See* https://lawandcrime.com/high-profile/law-professor-falsely-accused-of-jaw-dropping-rape-wins-1-2-million-defamation-judgment-against-accuser/
[2] *See* https://www.fox9.com/news/law-professor-falsely-accused-of-rape-wins-defamation-case

Cir. 2016) " *Ambrose v. Minnesota*, No. 19-cv-1835 (ECT/ECW), at *6-7 (D. Minn. May 11, 2020); *See* also *Smithrud v. City of St. Paul,* 746 F.3d 391, 396 (8th Cir. 2014)

First, Plaintiff exercised due diligence in seeking Defendant's identity e.g., filing limited discovery motions and filing lawsuits. (*See Fredin v. Middlecamp*, October-November 2019 limited discovery motions and orders.) Second, Plaintiff was denied discovery. *Id.* Moreover, Defendant intentionally withheld her identity and acted with her surrogates to hide her affidavit to a period in which Plaintiff could not respond. *(See* September 3, 2020 Affidavit in *Fredin v. Middlecamp.)* *Ali v. Cty. of Los Angeles*, Case No. CV087627CASFFMX, 2009 WL 10672603, at *5 (C.D. Cal. Apr. 9, 2009) ("The Court concludes that equitable tolling is appropriate in this case because defendant has delayed in providing the contact information..."); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 542-43 (N.D. Cal. 2007). *See* also *Curless v. Great Am. Real Food Fast*, Inc., 280 F.R.D. 429, 435 (S.D. Ill. 2012)

## II.     Plaintiff States a Conspiracy to Defame Claim

To state a conspiracy claim under Minnesota law, a conspiracy requires an underlying tort. *Rilley v. MoneyMutual*, LLC, Civil No. 16-4001 (DWF/LIB) (D. Minn. Aug. 30, 2017; *See* also *Harding v. Ohio Casualty Insurance Co.*, 230 Minn. 327 (Minn. 1950); *See* also *Enslein v. Di Mase*, No. 16-09020-CV-W-ODS (W.D. Mo. July 21, 2017)

Defendant admitted in her false affidavit that she acted in concert with Lindsey Middlecamp to publish her false allegation on Ms. Middlecamp's Twitter account. As described above, Plaintiff stated an underlying defamation claim. The claim completely lies in stating that she filed a police report or contacted the Saint Louis Park police department. (*See* Fredin Decl. November 5, 2020 Ex. A-B.) As a result, Plaintiff has stated a conspiracy to defame claim.

## III.    Plaintiff States An Abuse of Process Claim

To state an abuse of process claim under Minnesota law, the legal process must be used to accomplish some ulterior purpose for which it was not designed or intended or to and compel defendant to do some collateral thing which he could not legally be compelled to do. *Hoppe v. Klapperich*, 224 Minn. 224, 28 N.W. (2d) 780, 786 (Minn. 1947). The gist of such an action is the misuse or misapplication of the process, after it has once been issued, for an end other than that which it was designed to accomplish.

Local rules preclude parties from raising new issues and submitting affidavits and exhibits in connection with a reply memorandum of law. *Antonich v. U.S. Bank Nat'l Ass'n*, Civil No. 14-CV-710 (SRN/HB) (D. Minn. Aug. 13, 2015). Rule 7.1(c)(3)(B) contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in connection with the initial motion and the responding party's memorandum of law. *Cenveo v. S. Graphic Sys., Inc.,* No. 08-CV-5521 (JRT/AJB), 2010 WL 3893680, at *3, n.4 (D. Minn. June 18, 2010).

Defendant "filed a September 3, 2020 declaration at the summary judgement reply stage .. to stop Plaintiff in his tracks from deposing or cross-examining Defendant Kreil" (*See* Am. Compl. ¶ 14 page 5.) Moreover, Defendant Kreil's "failure to prepare and file earlier information to clarify based on the above stated issues was materially an abuse of process and prejudicial to Plaintiff in determining the source of Middlecamp's claims in *Fredin v. Middlecamp*." (*See* Am. Compl. ¶ 15 page 6.) *Martucci v. Milford Borough*, Case No. 3:17-1671 (M.D. Pa. Apr. 10, 2018) (false affidavit is an abuse of process); *DeAngelis v. City of Bridgeport*, No. 3:14-cv-01618 (JAM), at *22 (D. Conn. Sep. 5, 2017) ("The distinction between malicious prosecution or vexatious suit and abuse of process as tort actions is that in the former the wrongful act is the commencement of an action without legal justification, and in the latter it is in the subsequent proceedings, not in the

issue of process but in its abuse."); *Crockett v. City of N.Y.*, 11-CV-4378 (PKC) (E.D.N.Y. Sep. 29, 2015) (abuse of process claim asserted when parties fabricated false information); (Denying motion to dismiss on abuse of process claim where identified allegation was "baseless"); *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, Case No. 16-403-LPS-CJB (Consolidated) (D. Del. Aug. 31, 2017); (Denying motion to dismiss on abuse of process claim where false allegations were improperly used) *Fisher v. King*, Case No. 15-6134 (E.D. Pa. July 19, 2016)

Other cases involve similar abuse of process in the Eighth (8th) Circuit:

- *Demarais v. Gurstel Chargo,* P.A., 869 F.3d 685, 691 (8th Cir. 2017) (collecting cases) ("The harm of being subjected to baseless legal claims, creating the risk of mental distress" provides the basis for common-law unjustifiable-litigation torts such as abuse of process.)

- *Hefley v. J & M Sec., LLC*, No. 4:15CV01578 ERW, 2016 WL 2643477, at *1 (E.D. Mo. May 10, 2016) (claim for abuse of process adequately alleged where plaintiff suffered damages related to monetary loss, embarrassment, stress, anxiety, and financial hardship)

- *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990) (plaintiff was "caused shame, embarrassment, humiliation and mental distress as well as harm to his reputation")  *See* also *Stone v. J&M Sec., LLC*, No. 4:20 CV 352 SPM, at *16 (E.D. Mo. Oct. 6, 2020)

It bears noting, Defendant who is a non-party in *Fredin v. Middlecamp* failed to "properly sign the third-party" affidavit.  (*See* Am. Compl. ¶ 50 page. 11.)

## IV.   Plaintiff States a Fraud Claim

To state a claim of fraud under Minnesota law, a Plaintiff must prove multiple elements:  (1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) the representation proximately caused action in reliance thereon; and (5) pecuniary damages as a result of the

reliance. *U.S. Bank N.A. v. Cold Spring Granite Co.,* 802 N.W.2d 363, 373 (Minn.2011); *Meecorp Capital Markets, LLC v. Oliver*, 776 F.3d 557, 562 (8th Cir. 2015)

First, Defendant Kreil made a false statement. (*See* Fredin Decl. November 5, 2020 Ex. A-B.) Second, Defendant Kreil knew that she never made a police report and that she has made knowingly false statements in her September 3, 2020 affidavit (in concert with numerous other provably false claims with Ms. Middlecamp, Schaefer, and Miller.) *Id.* Third, Defendant Kreil intended to induce the dismissal of valid claims, evade depositions, and raise new issues in violation of Court rules in *Fredin v. Middlecamp* and *Fredin v. Miller*. Fifth, Indeed Defendant was able to evade depositions and raise new issues causing significant damage to Plaintiff.

The suspicious timing of Defendant Kreil's affidavit raises serious allegations of fraud. This is particularly so where Saint Louis Park's FOIA production further evidences the fact that Defendant Kreil's purported allegations do not exist and where Defendant Kreil timed her allegations to falsely dismiss a merit based lawsuit in an effort to benefit her surrogates. "The affidavit is so clearly forged that the Court can only conclude that it was an intentional attempt to mislead the Court." *Brown v. Russell*, No. 4:13-cv-01515-JAR, at *9 (E.D. Mo. Apr. 30, 2018) If Defendant Kreil's affidavit was trustworthy, which it is not, she would have filed it years ago to save the Court's time. Moreover, Ms. Middlecamp's attorneys in *Fredin v. Middlecamp* would have notified the Court of the existence of such an affidavit to save the Court's time. They did not do this because they knew the affidavit raised serious concerns (namely that the alleged police report does not exist and that her surrogates waged

8

a campaign where they conceded in emails that they were engaging in the production of "unique false information")

## V. Plaintiff States an Intentional Infliction of Emotional Distress Claim

To state a claim of intentional infliction of emotional distress ("IIED") under Minnesota law, Plaintiff must allege: (1) the conduct was extreme and outrageous; (2) the conduct was intentional or reckless; (3) it caused emotional distress; and (4) the distress was severe. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864 (Minn. 2003) (citing *Hubbard v. United Press International, Inc.* 330 N.W.2d 428 at 438-39 (Minn. 1983)).

As described below, several cases establish Plaintiff's strong likelihood of success in stating an IIED claim:

- *Fredin v. Middlecamp*, Case No. 17-3058 (SRN/FLN), at *5 (D. Minn. Apr. 13, 2018) ("Minnesota courts have found that conduct is extreme and outrageous when it is "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community.")

- *Mangan v. Rumo*, 226 F. Supp.2d 250, 254 (D. Me. 2002) (holding that for purposes of IIED, "[i]ntentionally false allegations of rape could amount to outrageous behavior intolerable in a civilized society")

- *Iglesias v. O'Neal*, Case No. 16-6291 (RBK/AMD), 2017 WL 1170835 at *3 (D.N.J. March 29, 2017) (stating: "it is certain that a false accusation of rape is intolerable in a civilized community")

First, Defendant Kreil's concerted actions to knowingly and falsely accuse Plaintiff of rape (knowing that her claims had been disseminated in conjunction and multiplied by a bogus *City Pages* article and @CardsAgstHrsmt Twitter campaigns) is outrageous. Second, Defendant recklessly failed to notify this Court despite having notice that her surrogates were being sued and engaged in further reckless conduct by timing her allegations outside the normal course of litigation. Third, Defendant's knowingly false allegations caused

9

significant emotional distress to Plaintiff. Fourth, the emotional distress has been severe. As a result of Defendant Kreil's knowingly false allegations, Plaintiff has virtually lost everything.

### VI. Defendants Request to Declare Plaintiff a Vexatious Litigant Must be Denied

As described, Plaintiff incorporates his November 5, 2020 response to Defendants temporary restraining order request with respect to Defendants request to declare Plaintiff a vexatious litigant. Defendants request would be yet another bogus prior restraint and must be *sua sponte* sanctioned. *Cromer v. Kraft Foods North America, Inc.,* 390 F.3d 812 (4th Cir. 2004) (precluding prior restraint on future lawsuits). Defendants cannot impose prior restraint on constitutionally protected speech. *Near v. Minnesota*, 283 U.S. 697 (1931) Ironically, Defendants request is a fifth or sixth vexatious and baseless motion in concert with numerous firms and must be *sua sponte* sanctioned under the Court's inherent power within Rule 11.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendants October 15, 2020 motion to dismiss and request to declare Plaintiff a vexatious litigant be dismissed in its entirety.

Dated: November 5, 2020
Saint Croix Co., WI

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54002

(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 5, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List:

Anne M. Lockner

Dated: November 5, 2020
Saint Croix Co., WI

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*