# Brock Fredin

Phone: (612) 424-5512 • E-Mail: brockfredinlegal@icloud.com

Date: November 25, 2020

**BY ECF**

Susan Richard Nelson
United States District Court
316 Robert St N
Saint Paul, MN 55101

      Re:    *Fredin v. Miller et al.*, Case No. 18-CV-466-SRN-HB
              *Fredin v. Middlecamp*, Case No. 17-CV-3058-SRN-HB
              *Fredin v. Kreil*, Case No. 20-CV-01928-SRN-HB

Dear Judge Nelson:

I write this letter to the Court seeking leave to file a motion for reconsideration of the Court's November 23, 2020 Order and to request an immediate stay of the November 23, 2020 Order pending a determination of this letter request and subsequent motion for reconsideration.[1] As set forth below, the Court's November 23, 2020 Order is unconstitutional is every respect and smacks in the face of over 200 years of First Amendment precedent. Indeed, never has an order from a court -- much less a federal court -- been so constitutionally infirm. More importantly, given that the Court has threatened me with contempt and "detention" for me continuing to exercise my First Amendment rights, an immediate stay of the November 23, 2020 is necessary to prevent undue prejudice to me, irreparable harm and the potential that my constitutional rights will be further violated by an apparent unconstitutional contempt charge and proceeding.

In this case, I have brought claims against Defendants for their continued campaign of defamatory, disparaging and harassing statements made about me on the Internet and social media. Specifically, Defendant Kreil falsely accused me of rape in a post published on Facebook. Defendant Kriel's false rape allegation was subsequently reposted, endorsed and sensationalized by Defendant Lindsay Middlecamp on her anonymous Twitter account @CardsAgsntHssment. Shortly thereafter, Defendant Middlecamp became a smear campaign of me on Twitter that consisted of over fifty (50) tweets in which she falsely called me a rapist, serial stalker, abuser and other false and disparaging epithets. Many of these vile posts made by Defendant Middlecamp contained photographs of me that she illegal obtained. And, it should be noted, that Defendant Middlecamp engaged in this conduct while she was an Assistant Prosecuting Attorney in Ramsey County and later a Special Assistant United States Attorney. Defendant Middlecamp's smear campaign has included statements as recent as last week in which she posted on YouTube and other social media

---

[1] Additionally, I am requesting leave to extend the page limit of this leave letter to three (3) pages.

outlets that I was a "serial stalker," a "rapist" and a "creep."  *See* Fredin Nov 25, 2020 Decl. Ex A-B, D.

At no point has this Court made any effort to stop, curb or even admonish Defendants - particularly Defendant Middlecamp who is a licensed attorney and holds a position of public trust as a Special Assistant United States Attorney - for this clearly unlawful, harmful, harassing and odious behavior.  *Id.*  Instead, the Court has issued bizarre orders that are often factually inaccurate and misapply established precedent to deny me relief.

It is now the height of hypocrisy that the Court would issue a wide-sweeping unconstitutional order to curb, suppress and extinguish my First Amendment right to discuss this case, legitimately criticize this Court and counsel, appeal to the public to bring the corruption in this case to light and to mock Defendants' counsel and this Court with parodies and satire.

Furthermore, I write to inform the Court that I will not abide by the directives set forth in its November 23, 2020 Order. Simply put, the Court's order is plainly unconstitutional and an affront to nearly 250 years of First Amendment jurisprudence.  After consultation with several renown attorneys and retired federal appellate judges, no one has ever seen such a plainly unconstitutional Order.  I am requesting that the Court stay the injunction pending emergency appellate review.

The Court's directives are clear and apparent unconstitutional prior restraint on free speech. With respect to the videos and websites already published, the Court's injunction directing me to take them down immediately is an unconstitutional prior restraint because there has been absolutely no adjudication on the merits that the videos and websites are false, defamatory, obscene, harassing or otherwise not protected by the First Amendment.  "A movant seeking injunctive relief must 'demonstrate that irreparable injury is likely in the absence of an injunction.'"  *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 992 (8th Cir. 2011)  "Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity."  *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963).

Indeed, even if the Court were to adjudicate the merits of my speech on First Amendment grounds, the videos and websites are clearly protected by the First Amendment as they are clearly protected speech falling under criticism of public officials and figures, statements of public importance, satire and parody.

A system of prior restraint "avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system," *Freedman v. Maryland*, 380 U.S. 51, 58, viz., (1) the burden of instituting judicial proceedings, and of proving that the material is unprotected, [95 S.Ct. 1241] must rest on the censor; (2) any restraint before judicial review can be imposed only for a specified brief period and only to preserve the status quo; and (3) a prompt

judicial determination must be assured. Since those safeguards in several respects were lacking here, respondents' action violated petitioner's First Amendment rights." *Ltd. v. Conrad*, 95 S.Ct. 1239, 420 U.S. 546, 43 L.Ed.2d 448 (1975)

Furthermore, the Court's restrictions on my future ability to criticize, speak out or otherwise make content concerning Defendants, Defendants' counsel, the Court and the Court's staff are plainly unconstitutional prior restraints under United States Supreme Court precedent. "A prior restraint on the exercise of First Amendment rights bears a heavy presumption against its constitutional validity." *Douglas v. Brownell*, 88 F.3d 1511, 1521 (8th Cir. 1996)

A stay is absolutely necessary in this case to prevent prejudice and irreparable harm to me as well as the very real threat that my constitutional rights will be further violated with an unconstitutional contempt hearing. This Court has exhibited that it is willing to retaliate and inflict harm on me through its plainly unconstitutional order with a threat of contempt and detention. I have no doubts that this Court will yet against act in excess of its power and unconstitutionally subject me to contempt and detain him based on its unconstitutional November 23, 2020 Order. In this situation where there is substantial evidence and authority that the Court abused its discretion and issued an unconstitutional prior restraint and where the Court has made clear that it intends to detain me for any violation further exacerbating the violations to my constitutional rights, the Court should now exercise restraint and stay the November 23, 2020 Order until I can fully brief a motion for reconsideration and, if needed, the Court of Appeals has weighed in on the constitutionality of the order.

Thank You for Your consideration.

Respectfully submitted,

s/ Brock Fredin
Brock Fredin

cc:    Karl Johann Breyer (by ECF)
cc:    Anne M. Lockner (by ECF)