

800 LASALLE AVENUE         612 349 8500 TEL
SUITE 2800                 612 339 4181 FAX
MINNEAPOLIS MN 55402       ROBINSKAPLAN.COM

ANNE M. LOCKNER
612 349 8470 TEL
ALOCKNER@ROBINSKAPLAN.COM

November 25, 2020

The Honorable Susan Richard Nelson
United States District Court
316 N. Robert Street
St. Paul, MN 55101

    Re: Brock Fredin's Request to File a Motion for Reconsideration

Dear Judge Nelson:

    Jamie Kreil opposes Brock Fredin's request for leave to file a motion for reconsideration (Dkt. 48) for two reasons. First, the request is substantively meritless. And second, Fredin seeks to file the motion as a means of further harassment against counsel and the Court.

    "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). Fredin's letter does not plausibly suggest that his motion would serve either purpose.

    Fredin does not identify any error in the Court's analysis, much less a "manifest" error. Fredin does not dispute that his conduct merited sanctions under the Court's inherent authority. Nor does he address or distinguish any of the cases on which the Court relied in enjoining his campaign of harassment. He merely repeats his incorrect assertion that he enjoys a First Amendment right to undermine judicial proceedings through harassment and intimidation. The Court properly rejected these arguments. *See* Order at 12-13, 16-17. Fredin's complaints that the Court's ruling "smacks in the face of over 200 years of First Amendment precedent," Letter at 1, add little to the analysis. To the extent Fredin raises new arguments about procedural protections he claims the Court should have afforded him in advance of issuing an injunction, those arguments are meritless, and "[a] motion for reconsideration is also not the appropriate place to 'tender new legal theories for the first time.'" *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted).

Moreover, Fredin does not seek to present any "newly discovered evidence." *Hagerman*, 839 F.2d at 414. Fredin merely submits declaration testimony in which he (implausibly) claims that he did not attempt to influence settlement in a parallel case with his websites and videos. Decl. ¶¶ 6-7. But a motion for reconsideration cannot be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue. *Hagerman*, 839 F.2d at 414. Fredin could have, but did not, offer this testimony in opposing Kreil's Motion for Sanctions. Indeed, given the Court's Order, the declaration is more notable for what it *does not* say than for what it does. Fredin does not dispute that his aim in creating his websites and videos was to harass and intimidate counsel and the Court, intending to deter counsel from representing his perceived enemies, and the Court from ruling against him. The new "evidence" Fredin submits therefore fails to address the key facts warranting sanctions against him. *See, e.g.*, Order at 12-13, 16-17.[1]

Finally, Fredin's letter makes clear that he does not make his request in good faith. Fredin declares that, whatever the Court rules, he "will not abide by the directives set forth in its November 23, 2020 Order." Letter at 2. As of the filing of this letter, Fredin's web publications remain online, despite the Court's Order that he remove them "immediately." Order at 28-30. Fredin is in open contempt of Court. He appears to seek little more than a platform to harangue the parties, counsel, and the Court further (as he does in his letter). Kreil intends to move for an order to show cause, and if necessary, for contempt sanctions. There is no reason for the Court to entertain additional abusive filings when Fredin has admitted the Court's decision will not impact his behavior. Nor is there any reason for the Court to countenance Fredin's open defiance by staying its Order.

Respectfully,
*/s/ Anne M. Lockner*
Anne M. Lockner

---

[1] It bears noting that the declaration is utterly implausible. Fredin claims that he thought opposing counsel only wanted him to remove his websites and videos for "two hours." Decl. ¶ 6. It is hard to believe Fredin understood opposing counsel's demand that the content be "taken down" meant that Fredin should feel free to re-post it shortly thereafter. Decl. Ex. C.