UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>Jamie Kreil,<br><br>    Defendant. | Case No. 0:20-cv-01929-SRN-HB |

**Memorandum In Support of**
**Jamie Kreil's Motion for an Order to Show Cause**

**Introduction**

On November 23, 2020, the Court ordered Brock Fredin to "immediately remove, or cause to be removed" a series of defamatory and harassing websites and videos, and further ordered that he not create or post new websites or videos with "substantially similar accusations." *See* Order (Dkt. 39) at 28-32. In response, Fredin declared in a letter to the Court that he "w[ould] not abide by the directives set forth in its November 23, 2020 Order." Letter (Dkt. 40) at 2. As of the filing of this Motion, the videos and websites listed in the Court's Order remain online. Lockner Decl. ¶ 3. Moreover, on December 1, 2020, Fredin published a new defamatory video, again falsely accusing Kreil's counsel of discrimination and bigotry. *Id.* ¶ 6. He further retaliated against the Court for its ruling on Kreil's Motion for Sanctions, posting a new video and website levying a number of similar false allegations against Judge Nelson, and expressly referencing that Order. *Id.* ¶¶ 9-10.

Fredin is admittedly in willful contempt of this Court's Order. The Court should require Fredin to show cause why it should not hold him in contempt and (1) dismiss this action with prejudice as a criminal contempt sanction to punish Fredin's willful violation of the Court's Order; (2) impose a fine recurring daily until Fredin complies with the Court's Order as a civil contempt sanction; and (3) impose any other sanctions the Court deems necessary.

1

## Argument

**I.     The Court should hold Fredin in contempt.**

The Court retains jurisdiction to enforce its injunction through contempt sanctions, notwithstanding Fredin's notice of appeal. *See, e.g.*, *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal" on pain of contempt. *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Fredin has not obtained (or even sought) a stay of the Court's Order. He has instead simply declared that he will not recognize the Court's authority. Letter (Dkt. 40) at 2.

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Upon such a showing, the burden shifts to the violating party to demonstrate, "categorically and in detail," that it is impossible to comply with the order, this inability to comply is not self-induced, and the violating party made a good-faith effort to comply with the order. *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001). Criminal contempt sanctions further require a showing that the violation was "willful." *Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc.*, No. 09-CV-175, 2011 U.S. Dist. LEXIS 113864, at *9

(N.D. Iowa Oct. 3, 2011). "'Willfulness' in contempt cases 'means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order.'" *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781 (8th Cir. 1987) (quoting *In re Mossie*, 589 F. Supp. 1397, 1409 (W.D. Mo. 1984)).

There is little doubt that Fredin willfully violated the Court's November 23, 2020 Order (Dkt. 39). Indeed, Fredin has *openly admitted* as much, declaring that he "will not abide by the directives set forth in [the] November 23, 2020 Order." Letter (Dkt. 40) at 2. As of the filing of this Motion, the videos and websites the Court directed Fredin to take down remain online. Lockner Decl. ¶ 3. And on December 1, 2020, Fredin posted new false and harassing websites and videos targeting Kreil's counsel and the Court, *id.* ¶¶ 6, 9-10, in direct contravention of the Court's Order that he refrain from doing so. *See* Order (Dkt. 39) a 30-31. Fredin has not just failed to comply with the Court's Order—he has thumbed his nose at the Court, flaunting his noncompliance and taking deliberate steps to violate the Court's Order further. This is plainly willful contempt, meeting the standard for both civil and criminal contempt sanctions.

Moreover, Fredin cannot show that compliance with the Order was impossible, or that he made good faith efforts to comply. *Santee Sioux Tribe of Neb.*, 254 F.3d at 736. Fredin has already informed the Court that he *chose* not to comply with the Court's Order based on his (incorrect) belief that the Order was

wrongly decided. Letter (Dkt. 40) at 2. But "[o]ne of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers Union Pension Fund*, 207 F.3d at 504. Even if Fredin was right (which he is not), "[p]ersons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness*, 419 U.S. at 458.

In sum, Fredin's open and deliberate defiance of the Court's November 23, 2020 Order subjects him to contempt sanctions. The Court should provide Fredin with notice and an opportunity to be heard, hold him in contempt, and impose sanctions as outlined below.

**II.   The Court should dismiss Fredin's Complaint with prejudice, impose a recurring fine, and impose any other sanctions it deems necessary and appropriate.**

The Court warned Fredin that failure to comply with its Order "may result in the dismissal of Plaintiff's still pending lawsuit against Defendant Kreil, . . . [Fredin]'s detention, or any other lawful penalty within this Court's contempt powers." Order (Dkt. 39) at 32. Kreil respectfully requests that the Court impose these contempt sanctions that Fredin has knowingly invited.

"The same actions by a party can amount to both civil and criminal contempt," and "[i]t is the nature and purpose of the punishment that is

determinative" of the sanction's categorization. *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781-82 (8th Cir. 1987). "The commonly stated distinction is that if the penalty is to compensate the complaining party or to coerce the defendant into complying with the court's orders, the contempt is civil, while if the penalty is punitive, intended to vindicate the authority of the court, then the contempt is criminal." *Id.* Here, both forms of sanction are appropriate.

First, Kreil asks that the Court dismiss Fredin's Amended Complaint with prejudice as a criminal contempt sanction. The Court stated in its Order that if it "learn[ed] of additional bad-faith conduct toward Kreil, including violations of the injunction described in this Order, the Court w[ould] reconsider its decision not to terminate [Fredin's] lawsuit." *See* Order (Dkt. 39) at 27. That has now come to pass. Whether or not Fredin subsequently agrees to comply with the Court's Order, his open defiance in the face of this ultimatum merits dismissal as a measure to "to vindicate the authority of the court." *Hubbard*, 810 F.2d at 781-82.

"The district court has authority to dismiss an action with prejudice for failure to comply with court orders or the Federal Rules of Civil Procedure." *Omaha Indian Tribe, Treaty of 1854 with United States v. Tract I--Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991). The Court must balance the plaintiff's loss of their claims against the Court's institutional interests, "'focus[ing] in the main upon the degree of egregious conduct which prompted the order of dismissal

5

and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court.'" *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (quoting *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976)).

Here, Fredin created "dozens" of "inflammatory, baseless, demeaning, and disturbing" web publications, which he "explicitly attempted to leverage . . . to obtain favorable settlement terms," and further used to threaten the Court with "retaliation . . . for any ruling against him." Order (Dkt. 39) at 13. When the Court ordered Fredin to cease this campaign of harassment and intimidation on pain of contempt, he declared that he "w[ould] not abide by the directives set forth in [the Court's] November 23, 2020 Order." Letter (Dkt. 40) at 2. Fredin then not only refused to remove his websites and videos, but created *additional* content to violate the Court's Order further. Lockner Decl. ¶¶ 4, 6, 9-10. Fredin's misconduct is egregious by any conceivable measure. It makes clear that Fredin will not abide by the Court's directives or pursue his claims in good faith. This litigation cannot continue under these circumstances. Kreil respectfully requests that the Court dismiss Fredin's Complaint, while expressly retaining jurisdiction to enforce its November 23, 2020 Order (Dkt. 39).

Beyond dismissal, Kreil requests that the Court impose a fine of $500 recurring daily until Fredin removes his harassing publications as a civil

contempt sanction. The Court has broad discretion to impose a remedy that will bring about compliance. *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 913 (D. Minn. 2007). In fashioning a sanction, the Court must consider "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose, and (4) the willfulness of the contemnor in disregarding the court's order." *Paisley Park Enterprises, Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 2710703, at *4 (D. Minn. June 28, 2019) (citations omitted).

Here, all of the above considerations weigh in favor of imposing the requested sanction. First, Fredin's noncompliance with the Court's Order imposes significant and continuing harm on Fredin's victims, including the Court. *See, e.g.*, Mem. in Supp. (Dkt. 17) at 18-19. Every day Fredin's publications remain online, his inflammatory falsehoods become more widely disseminated. Second, the amount and frequency of the sanction should serve as a sufficient deterrent to further noncompliance. Third, as this Court has recently observed, Fredin has testified under oath that he "earn[s] a yearly income of $160,000." Order, *Fredin v. Miller, et al.*, Case No. 18-cv-0466-SRN-HB (D. Minn. Nov. 30, 2020). The amount and frequency of the sanction should not impose an unduly significant burden on Fredin's finances, assuming he ultimately complies. And

fourth, as discussed above, there is no question but that Fredin's contempt of the Court's November 23, 2020 Order is entirely willful.

Finally, the Court should impose any other sanctions it deems appropriate to punish Fredin's open contempt, coerce his compliance with the Court's November 23, 2020 Order (Dkt. 39), and compensate Kreil for Fredin's bad-faith conduct. "[T]he trial court has discretion to fashion the relief, and the party to be held in contempt does not have to have detailed notice of the relief that may be granted." *Hubbard*, 810 F.2d at 782. Should the Court believe that any additional sanctions are necessary and appropriate, Kreil asks that the Court impose them.

## Conclusion

Fredin's initial conduct warranting sanctions "defiled 'the temple of justice.'" Order (Dkt. 39) at 27 (quoting *Stevenson v. Union Pac. R.R.*, 354 F.3d 739, 751 (8th Cir. 2004)). His open and complete refusal to comply with the Court's Order has only compounded the injury to Kreil, her counsel, and the Court. Despite the Court's clear warning, Fredin has deliberately invited the harshest contempt sanctions the Court can impose—indeed, he has effectively *dared* the Court to impose them, chiding the Court for threatening to detain him in a new video smearing Judge Nelson. Lockner Decl. ¶ 9. The Court should intercede before Fredin's misconduct spirals further out of control and impose contempt sanctions as outlined above.

8

DATED:  December 2, 2020         **ROBINS KAPLAN LLP**

By:   /s/ *Anne M. Lockner*
Anne M. Lockner (0295516)
J. Haynes Hansen (Bar No. 0399102)
Ena M. Kovacevic (Bar No. 0400149)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
alockner@robinskaplan.com
ekovacevic@robinskaplan.com
hhansen@robinskaplan.com

*Counsel for Defendant Jamie Kreil*