UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 17-cv-03058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |

| | |
|---|---|
| Brock Fredin, | Case No. 18-cv-00466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller et al., | |
| Defendants. | |

| | |
|---|---|
| Brock Fredin, | Case No. 20-cv-01929 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Jamie Kreil, | |
| Defendant. | |

Brock Fredin, 1180 Seventh Avenue, Baldwin, WI 54002, Pro Se.

K. Jon Breyer, Kutak Rock LLP, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for Defendants Lindsey Middlecamp, Grace Elizabeth Miller, and Catherine Marie Schaefer.

1

Anne M. Lockner, Ena Kovacevic, and Haynes Hansen, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Defendant Jamie Kreil.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Letter Request for Permission to File Motion to Reconsider and to Stay Injunction [17-cv-03058, Doc. Nos. 254, 256; 18-cv-00466, Doc. Nos. 222, 224; 20-cv-01929, Doc. Nos. 40, 48] filed by Plaintiff Brock Fredin in three related cases. Defendants Lindsey Middlecamp, Grace Miller, Catherine Schaefer, and Jamie Kreil (collectively, "Defendants") oppose both requests. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Fredin's request to file a motion to reconsider and to stay this Court's November 23, 2020 injunction.

## I.    BACKGROUND

On November 23, 2020, this Court issued an Order sanctioning Fredin for posting online websites and videos disparaging Defendants' counsel and a magistrate judge of this Court. (Order [17-cv-03058, Doc. No. 253; 18-cv-00466, Doc. No. 221; 20-cv-01929, Doc. No. 39] (hereafter, "Sanctions Order").) The Court found that Fredin had created his websites and videos in a bad-faith effort to harass and intimidate Defendants and the Court. (*Id.* at 14-15.) Accordingly, the Court sanctioned Fredin under its inherent power to sanction abuses of the judicial process. That sanction took the form of an injunction requiring, *inter alia*, that Fredin immediately remove his websites and videos, coupled with

the admonition that failure to comply with the injunction could result in further penalties. (*Id.* at 17.)

Subsequently, Fredin filed a letter requesting permission to file a Motion for Reconsideration and arguing that the Court should stay the injunction pending an appeal to the Eighth Circuit Court of Appeals. In that letter, Fredin declared that he "will not abide by the directives set forth" by this Court in the Sanctions Order. (Letter Req. for Permission to File Mot. for Recons. and to Stay Inj. [17-cv-03058, Doc. No. 256], at 2.)[1] Indeed, Fredin immediately retaliated by posting an additional video harassing and disparaging Kreil's attorneys' firm, and a website and video disparaging the undersigned. (*See* Letter to District Judge [17-cv-03058, Doc. No. 263].)

## II.     DISCUSSION

### A.     Request for Permission to File a Motion for Reconsideration

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the . . . motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir.1987)). Under this Court's

---

[1] Where identical documents have been filed in these cases, the Court cites only to the 17-cv-03058 docket as a matter of convenience.

Local Rules, a party may not file a motion for reconsideration without the Court's prior permission, and "[a] party must show compelling circumstances to obtain such permission." L.R. 7.1(j).

Insofar as Fredin argues that the Sanctions Order violates his First Amendment rights, that argument was raised, briefed by the parties, and addressed by the Court in the Sanctions Order. The Court explained that the First Amendment does not protect a litigant who chooses to intentionally interfere with the judicial process by retaliating against counsel and the Court. Specifically, the Court held that the "First Amendment does not entitle a litigant to publish baseless, inflammatory remarks disparaging opposing counsel or judicial officers in an effort to harass them into conceding favorable settlement terms or judicial decisions." (Sanctions Order 16.) And the Court found that Fredin posted his websites and videos for exactly that purpose. (*Id.* at 16-17.) Thus, Fredin's First Amendment argument was raised and soundly rejected by this Court. Fredin may not "utilize a motion for reconsideration as a vehicle to reargue the merits of the underlying Motion." *Buetow v. A.L.S. Enterprises, Inc.*, No. CIV 07-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010).

Along with his Letter, Fredin also submitted a declaration as evidence that he did not attempt to leverage his websites and videos to extract favorable settlement terms from Defendants Middlecamp, Miller, and Schaefer. But this evidence "could have been adduced during pendency of the . . . motion," and therefore does not justify a motion for reconsideration. *Hagerman*, 839 F.2d at 414.

Finally, Fredin suggests that the Court has permitted Defendants to harass him online, rendering the Sanctions Order "the height of hypocrisy." (Corrected Letter 2.) His contention has been raised before this Court previously, was denied by Defendants, and does not constitute "compelling circumstances" justifying a motion to reconsider the Court's Sanctions Order. (*See* Fredin Decl. [17-cv-03058, Doc. No. 236], Ex. C; Middlecamp Decl. [17-cv-03058, Doc. No. 248].) And insofar as Fredin suggests that the Court should require Defendants to remove years-old tweets about him, the Court reminds Fredin that it has already adjudicated the merits of his claims regarding those tweets. (*See* Order Granting Def.'s Mot. for Summ. J. [17-cv-03058, Doc. No. 237].)

### B.  Request to Stay the Injunction Pending Appeal

Fredin argues that "[a] stay is absolutely necessary in this case to prevent prejudice and irreparable harm to me as well as the very real threat that my constitutional rights will be further violated with an unconstitutional contempt hearing." (*Id.* at 3.) Granting a stay of an injunction pending appellate review is an extraordinary remedy. *Nken v. Holder*, 556 U.S. 418, 427 (2009) ("A stay is an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" (citations omitted)). Courts consider four factors when evaluating whether to stay an order pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies." *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

At the outset, the Court notes that the Sanctions Order did not impose a preliminary injunction, which might more readily be stayed pending appeal. Rather, the Court imposed a sanction on Fredin requiring him to cease his abuse of the judicial process. Because the Court found that the injunction was necessary to cure Fredin's abuse of the judicial process, staying the injunction would substantially injure Defendants, the Court, and the judicial process and would be contrary to the public interest. (*See* Sanctions Order 17-21.) Moreover, Fredin's letter reiterates the same First Amendment arguments that the Court previously rejected.[2] (*See id.* at 16-17.) Consequently, Fredin has not made a strong showing that his appeal will be successful, nor has he established that he would be irreparably injured absent a stay. Therefore, the Court finds that Fredin has not carried his "heavy burden to establish that a stay should be granted." *Jenson v. Minn. Dep't of Human Servs.*, No. 09-cv-1775 (DWF/BRT), 2020 WL 1130671, at *2 (D. Minn. Mar. 9, 2020) (citing *Nken*, 556 U.S. at 433–34).

---

[2] The Court notes that Fredin's argument that the Sanctions Order "suppress[es]" his speech "without affording [him] an adjudication on the merits as to whether the speech was protected by the First Amendment" is entirely without merit. (Letter [17-cv-03058, Doc. No. 265], at 2.) Again, the Court reminds Fredin that it expressly held that his websites and videos were not protected First Amendment activity because "[t]he First Amendment does not entitle a litigant to publish baseless, inflammatory remarks disparaging opposing counsel or judicial officers in an effort to harass them into conceding favorable settlement terms or judicial decisions." (Sanctions Order 16.) The Court found "that each of the websites and videos was created in bad faith with the intent to harass Defendants, their counsel, and the Court." (*Id.* at 20.)

Moreover, Fredin's defiance of the Sanctions Order—and retaliation by posting more disparaging websites and videos in the face of this pending motion—underscores the Court's previous concern that Fredin is attempting to use the First Amendment as a sword to interfere with the judicial process through harassment and intimidation of counsel and this Court. Fredin's conduct makes clear that a stay is not warranted.

Accordingly, the Court declines to stay the November 23 injunction.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Letter Request for Permission to File Motion to Reconsider and to Stay Injunction [17-cv-03058, Doc. Nos. 254, 256; 18-cv-00466, Doc. Nos. 222, 224; 20-cv-01929, Doc. Nos. 40, 48] is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 4, 2020              s/Susan Richard Nelson
                                     SUSAN RICHARD NELSON
                                     United States District Judge

7