## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>Jamie Kreil,<br><br>    Defendant. | Case No. 0:20-cv-01929-SRN-HB |

### DECLARATION OF ANNE M. LOCKNER IN SUPPORT OF
### JAMIE KREIL'S PETITION FOR ATTORNEYS' FEES RELATED TO
### KREIL'S MOTION FOR SANCTIONS

Pursuant to 28 U.S.C. § 1746, I, Anne M. Lockner, declare:

1. I and my colleagues at Robins Kaplan LLP serve as counsel to Jamie Kreil in the above-captioned matter. I am assisted in this matter by Robins Kaplan associates Haynes Hansen, Ena Kovacevic, and Charlie Gokey.

2. This declaration sets forth Jamie Kreil's attorneys' fees incurred in bringing her Motion for Sanctions. It further includes information concerning attorneys' fees incurred in addressing Brock Fredin's contempt of the Court's Order on that Motion, as well as responding to Fredin's meritless efforts to set aside the Court's Order on that Motion. This information is included to provide context for Kreil's fee request.

1

3. Attached hereto as Exhibit A is a true and correct copy of our firm's billing records related specifically and solely to the drafting and editing of Jamie Kreil's Motion for Sanctions and supporting documents.

4. Attached hereto as Exhibit B is a true and correct copy of our firm's billing records for all attorneys' fees incurred in bringing Jamie Kreil's Motion for Sanctions.

5. Attached hereto as Exhibit C is a true and correct copy of our firm's billing records for all attorneys' fees incurred in bringing to Jamie Kreil's Motion for an Order to Show Cause.

6. Attached hereto as Exhibit D is a true and correct copy of our firm's billing records for all attorneys' fees incurred in preparing Jamie Kreil's opposition to Brock Fredin's letter request to file a motion to reconsider.

7. Attached hereto as Exhibit E is a true and correct copy of our firm's billing records for all attorneys' fees incurred in preparing Jamie Kreil's Petition for Attorneys' Fees Related to Kreil's Motion for Sanctions.

8. I and my colleagues have reviewed these records and they accurately reflect the time and work dedicated to combating Brock Fredin's misconduct as set forth in Jamie Kreil's Motion for Sanctions.

9. The time reflected in these exhibits was reasonable and necessary to address Fredin's misconduct. In particular, the unique and complex issues raised

by Fredin's egregious misconduct, as well as his expansion of that misconduct during the drafting process, required significant effort to address effectively in Kreil's Motion for Sanctions. This is reflected in the significant volume of briefing and accompanying declaration testimony associated with the Motion, as well as the multiple rounds of revisions necessary to refine the complex legal and factual analysis set out therein. And the unique nature of Fredin's misconduct meant that counsel had no ready model to follow in crafting the Motion for Sanctions.

10. The time spent addressing Fredin's misconduct precluded Kreil's counsel from dedicating the time reflected in Exhibits A through E to other, paying matters.

11. Had Fredin not forced Kreil's counsel to dedicate the time reflected in Exhibits A through E to combating his misconduct, Kreil's counsel would have billed most or all of that time to paying clients at the rates set out in those Exhibits and would have been compensated accordingly.

12. Kreil only seeks fees specifically related to drafting and editing her Motion for Sanctions and its supporting documents—to the exclusion of legal research and similarly necessary tasks—which amount to $26,748.50.

13. Were Kreil to seek the full amount of fees unavoidably incurred in addressing Fredin's misconduct, including his recent contempt of the November 23, 2020 Order, they would exceed $63,510.

14. The hourly rates of Kreil's counsel are $725 for myself, $535 for Mr. Gokey, $440 for Mr. Hansen, and $330 for Ms. Kovacevic. Based on my experience and familiarity with the industry, the above rates are comparable to rates charged by similar firms, including some in the Minneapolis, Minnesota market. Indeed, Mr. Gokey's hourly billing rate at his prior firm was $745.

15. Kreil's counsel would have charged paying clients the above rates, and would have received compensation at the above rates, had they been able to dedicate the time spent addressing Fredin's misconduct on paying work.

16. Attached as Exhibit F is a true and correct copy of my firm bio, which accurately reflects my experience and credentials.

17. Attached as Exhibit G is a true and correct copy of Mr. Gokey's firm bio, which accurately reflects his experience and credentials.

18. Attached as Exhibit H is a true and correct copy of Mr. Hansen's firm bio, which accurately reflects his experience and credentials.

19. Attached as Exhibit I is a true and correct copy of Ms. Kovacevic's firm bio, which accurately reflects her experience and credentials.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this 7th day of December, 2020, in Minneapolis, MN.

By: _s/Anne M. Lockner_