UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>    Plaintiff,<br><br>v.<br><br>Jamie Kreil,<br><br>    Defendant. | Case No. 0:20-cv-01929-SRN-HB |

**Jamie Kreil's Opposition to Brock Fredin's Motion to Vacate**

**Introduction**

Brock Fredin bears a heavy burden to establish that he is entitled to relief under Rule 60(b). *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). He does not make any serious effort to meet that burden, but merely rehashes a meritless argument that the Court previously (and correctly) rejected. Rather than present sound arguments and authority, Fredin uses his Motion primarily as a platform to thumb his nose at the Court yet again. Indeed, for no apparent reason other than continued harassment, Fredin filed a screen-by-screen recreation of one of his most noxious videos concerning Kreil's counsel, Fredin Decl. (Dkt. 72) Exhibit B at 50-72, despite the Court's Order that Fredin take that video down and not re-post it. *See* Order (Dkt. 39) at 29-30. The Court should deny Fredin's Motion to Vacate (Dkt. 69) and either seal or strike Exhibit B to Fredin's Declaration (Dkt. 72).

**Argument**

**I.   Fredin has not stated a basis for relief under Rule 60(b).**

Rule 60(b) "'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Hepper v. Adams County*, 133 F.3d 1094, 1096 (8th Cir.1998) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986)). It is not "a vehicle for simple reargument on the merits," and when that is all a party offers in support of a Rule 60(b) motion,

1

"[t]his ground alone is sufficient" to warrant denial. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Fredin's Motion to Vacate merely rehashes a First Amendment argument that Fredin raised in briefing, and which the Court soundly (and correctly) rejected. *See* Order (Dkt. 39) at 16-23; *see also* Order (Dkt. 71) at 4-5. Fredin's lengthy exposition in his Motion to Vacate adds little to his previous submissions except to make clear that Fredin has an exceptionally tenuous grasp of the concepts of "parody" and "satire." Indeed, the Motion to Vacate is little more than a repackaging of the motion for reconsideration that Fredin requested leave to file, *compare* Letter (Dkt. 48) *with* Mem. in Supp. (Dkt. 70), and which the Court denied Fredin leave to file. *See* Order (Dkt. 71); *see also CitiMortgage, Inc. v. Sellors*, No. 15-CV-1870 (PJS/TNL), 2017 WL 6398174, at *13 (D. Minn. Nov. 21, 2017), *report and recommendation adopted*, No. 15-CV-1870 (PJS/TNL), 2017 WL 6389673 (D. Minn. Dec. 13, 2017) (equating Rule 60(b) motions directed at non-final orders to motions for reconsideration). The foregoing is sufficient by itself to warrant denying the Motion to Vacate. *See Broadway*, 193 F.3d at 990.

In any event, Fredin does not identify any cognizable basis under Rule 60(b) to vacate the Court's Order. Rule 60(b)(4) authorizes the court to relieve a party from final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is not void . . . simply because it is or may have been erroneous."

2

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised on a certain type of jurisdictional error or violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. Fredin identifies no jurisdictional error, and plainly had ample notice and an opportunity to be heard—he raised the First Amendment argument he advances here in briefing Kreil's Motion for Sanctions, and the Court rejected it. *See* Memorandum (Dkt. 32); Fredin Decl. (Dkt. 33); Order (Dkt. 39).

Fredin also purports to rely on Rule 60(b)(6) as a basis for his Motion, but fails to address that subsection of the Rule in his brief. In any event, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Fredin identifies no such circumstances here, nor could he given that he is merely recycling the same argument he previously raised in briefing Kreil's Motion for Sanctions.

Finally, even if the argument Fredin makes in support of his Motion *could* present a cognizable basis for relief under Rule 60(b), it lacks merit. The Court has already explained to Fredin—twice—that the "First Amendment does not entitle a litigant to publish baseless, inflammatory remarks disparaging opposing

3

counsel or judicial officers in an effort to harass them into conceding favorable settlement terms or judicial decisions." Order (Dkt. 39) at 16; Order (Dkt. 71) at 4. Fredin does not address the legal and factual bases for the Order, instead falsely claiming "there was no adjudication or determination on the merits concerning whether Plaintiff's YouTube videos and websites were constitutionally protected free speech." Mem. in Supp. (Dkt. 70) at 8. Fredin cannot simply wish away the Court's cogent analysis, which was correct the first time around, and remains correct now. *See* Order (Dkt. 39) at 16-23; *see also* Order (Dkt. 71) at 4-5.

II.     **The Court should strike or seal Exhibit B to Fredin's Declaration.**

Fredin attaches to his Declaration a screen-by-screen recreation of a particularly repugnant video, Fredin Decl. (Dkt. 72) Exhibit B at 50-72, that Fredin "created in bad faith with the intent to harass . . . counsel." Order (Dkt. 39) at 20. The video does not have any specific relevance to the issues raised in Fredin's Motion. Even if it did, the video is already in the record, *see* Lockner Decl. (Dkt. 36), and thus there was no reason for Fredin to re-file it. The Court granted Kreil's Motion to maintain the video under seal, *see* Order (Dkt. 67), yet Fredin filed it on the public docket. *See* Fredin Decl. (Dkt. 72) Exhibit B at 50-72. And, most saliently, this is a video that the Court ordered Fredin to remove and not "repost" publicly. *See* Order (Dkt. 39) at 29-30.

4

It is difficult to believe that Fredin filed this recreation of his video for any reason other than to further harass Kreil's counsel and skirt the Court's Order (Dkt. 39). The Court should strike Exhibit B to Fredin's Declaration (Dkt. 72) pursuant to its inherent authority and its November 23, 2020 Order (Dkt. 39). *See, e.g., Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019) (striking a filing under the court's inherent authority). Alternatively, because Exhibit B to Fredin's Declaration is material that the Court has already ordered sealed, *see* Order (Dkt. 67), the Court should direct the clerk to place it under seal pursuant to that Order.

### III.   Fredin's "Supplemental Memorandum" fails to cure the deficiencies of Fredin's Motion to Vacate.

On December 10, 2020, Fredin filed a second brief in support of his Motion to Vacate, making a handful of arguments that he evidently forgot to include in his original filing. Fredin's Supplemental Memorandum (Dkt. 82) again attempts "simple reargument on the merits," and so fails to justify relief under Rule 60(b) for the same reasons as the original brief. *Broadway*, 193 F.3d at 990.

Moreover, the arguments set out in the new memorandum are as meritless as those in the original. Fredin contends the Court's factual findings that Fredin created his websites to "bully Defendants into favorable settlement terms and influence th[e] Court's rulings," Order (Dkt. 39) at 14, must be set aside because he was not afforded a "contested hearing" to testify on those issues, and the

5

record does not support those findings. Supp. Mem. (Dkt. 82) at 2-3. Kreil raised both issues and cited supporting evidence in her opening brief. *See* Mem. in Supp. (Dkt. 17) at 4-9, 10-12. Fredin had the opportunity to submit contrary evidence, *see* Fredin Decl. (Dkt. 30), but made no serious effort to dispute his inequitable aims in creating his websites and videos. Even now, Fredin does not clearly deny his intent to distort these proceedings with his websites and videos, but merely claims that the record lacks evidence of his intent. As this Court explained in detail, *see* Order (Dkt. 39) at 3-8, 13-15, that is simply not the case. Fredin's halfhearted attempts to contest the Court's factual findings long after the Court made them do not approach a reasonable justification for the Court to set aside its Order (Dkt. 39).

## Conclusion

Fredin has abandoned any pretense of pursuing his claims here in good faith. Fredin's use of his Motion to Vacate to further harass counsel and the Court presents another yet reason the Court should bring these proceedings to a swift and decisive end, and impose whatever sanctions it deems necessary to curtail Fredin's misconduct. In any event, the Court should deny Fredin's Motion to Vacate (Dkt. 69) and strike or seal Exhibit B to Fredin's Declaration (Dkt. 72).

| | |
|---|---|
| DATED:  December 14, 2020 | **ROBINS KAPLAN LLP**<br><br>By: /s/ *Anne M. Lockner*<br>Anne M. Lockner (Bar No. 0295516)<br>J. Haynes Hansen (Bar No. 0399102)<br>Ena M. Kovacevic (Bar No. 0400149)<br>800 LaSalle Avenue, Suite 2800<br>Minneapolis, Minnesota 55402<br>T: (612) 349-8500<br>F: (612) 339-4181<br>alockner@robinskaplan.com<br>ekovacevic@robinskaplan.com<br>hhansen@robinskaplan.com<br><br>*Counsel for Defendant Jamie Kreil* |