UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Brock Fredin,

    Plaintiff,

v.

Jamie Kreil,

    Defendant.

Case No. 0:20-cv-01929-SRN-HB

**Jamie Kreil's Opposition to Brock Fredin's Motion
to Recuse Judge Susan Richard Nelson**

**Introduction**

Brock Fredin has engaged in a brazen campaign of harassment against the defendants in his lawsuits, their counsel, and the Court, for which the Court rightly sanctioned Fredin on November 23, 2020 (Dkt. 39). But Fredin remains convinced he did nothing wrong. He has spent the weeks since the Court entered its Order (Dkt. 39) insisting as much in filing after meritless filing. With his Motion to Recuse (Dkt. 85), Fredin now arrives at the conclusion that the Court sanctioned him not because of his extraordinary misconduct, but because the Court is biased against him. Fredin thus seeks recusal of Judge Susan Richard Nelson, who for three years has demonstrated steady patience while presiding over *nine* of Fredin's vexatious lawsuits in this Court.[1]

The factual basis Fredin offers to support his motion is largely fabricated, and his legal theories are inscrutable. His motion is not a filing in good faith; it is simply another vessel for his vitriol. The Court should deny the motion.

---

[1] *See Fredin v. Middlecamp*, Case No. 0:17-cv-03058-SRN-HB (D. Minn. July 18, 2017); *Fredin v. Miller et al.*, Case No. 0:18-cv-00466-SRN-HB (D. Minn. Feb. 16, 2018); *Fredin v. Clysdale et al.*, Case No. 0:18-cv-00510-SRN-HB (D. Minn. Feb. 22, 2018); *Fredin v. Halberg Criminal Defense et al.*, Case No. 0:18-cv-02514-SRN-HB (D. Minn. Aug. 27, 2018); *Fredin v. Olson et al.*, Case No. 0:18-cv-02911-SRN-HB (D. Minn. Oct. 11, 2018); *Fredin v. Street et al.*, 0:19-cv-02864-SRN-HB (D. Minn. Nov. 8, 2019); *Fredin v. Miller et al.*, Case No. 0:19-cv-03051--SRN-HB (D. Minn. Dec. 9, 2019); *Fredin v. Halberg Criminal Defense et al.*, Case No. 0:19-cv-03068-SRN-HB (D. Minn. Dec. 11, 2019); *Fredin v. Kreil*, Case No. 0:20-cv-01929-SRN-HB (D. Minn. Sept. 10, 2020).

## Argument

Under Section 255(a) of Title 28, a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The law presumes, as it should, "the honesty, integrity, and impartiality of those serving as judges." *Scenic Holding, LLC v. New Bd. of Trustees*, 506 F.3d 656, 662 (8th Cir. 2007). Accordingly, the party seeking recusal bears a "substantial burden" of proving the appearance of partiality. *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). The Court applies "an objective standard of reasonableness in determining whether recusal is required" under Section 455(a). *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). When assessing the reasonableness of the request for a recusal, "each judge must be alert to avoid the possibility that those who would question [her] impartiality are in fact seeking to avoid the consequences of [her] expected adverse decision." *Id.*

Fredin primarily argues that Judge Nelson must recuse herself because she was a partner at Robins Kaplan LLP more than 20 years ago—before any of the lawyers who have appeared on Kreil's behalf joined the firm, and long before Fredin embarked on his many legal misadventures in this Court. *See* Mem. in Supp. (Dkt. 85) at 2-5. "[I]t is rare that recusal is granted based only on a question of impartiality because of the judge's former affiliation." *Local 338, RWDSU v. Trade Fair Supermarkets*, 455 F. Supp. 2d 143, 144 (E.D.N.Y. 2006); *see also id.*

2

(listing cases). The fact that Judge Nelson practiced law at Robins Kaplan decades ago falls well short of any plausible basis for recusal. *See, e.g., Valley v. Rapides Parish Sch. Bd.*, 992 F. Supp. 848, 851 (W.D. La. 1998) (recusal was not necessary when counsel was the judge's former law partner and friend); *see also Bumpus v. Uniroyal Tire Co. Division of Uniroyal, Inc.*, 385 F. Supp. 711, 714 (E.D. Neb. 1974) (the fact that the judge was a former law partner of counsel for plaintiffs was "patently insufficient to require disqualification").

Beyond Judge Nelson's prior work at Robins Kaplan, Fredin's motion largely rests on fabrication and baseless conjecture. For example:

- Fredin asserts Judge Nelson "worked alongside and mentored (then a junior attorney) Anne M. Lockner" at Robins Kaplan. Mem. in Supp. (Dkt. 85) at 3. But Judge Nelson and Lockner did not work at Robins Kaplan at the same time; Lockner joined the firm roughly two months after Judge Nelson's appointment as a U.S. Magistrate Judge. Lockner Decl. ¶¶ 2-4.
- Fredin hypothesizes that "Judge Nelson . . . engaged in substantial extrajudicial communication with Ms. Lockner through professional associations." Mem. in Supp. (Dkt. 85) at 1. This again is false: Lockner has not (to her recollection) had any "extrajudicial communication[s]" with Judge Nelson, ever. Lockner Decl. ¶ 5.

3

- Fredin contends that "[i]n October 2019, Judge Nelson denied Plaintiff any ability to conduct discovery or reopen discovery." Mem. in Supp. (Dkt. 85) at 1. In reality, U.S. Magistrate Judge Bowbeer issued the Order to which Fredin refers. *See* Order (Dkt. 102), *Fredin v. Middlecamp*, Case No. 0:17-cv-03058 (D. Minn. Oct. 29, 2019). And Fredin "did not appeal the October 29, 2019 Order[ ]" to Judge Nelson. *See* Order (Dkt. 237) at 4, *Fredin v. Middlecamp*, Case No. 0:17-cv-03058 (D. Minn. Nov. 13, 2020).

The foregoing "facts" would provide exceptionally weak grounds for recusal even if they were true. It is hard to discern how the above would render Judge Nelson an "interested party" in this litigation (as Fredin claims), *see* Mem. in Supp. (Dkt. 85) at 3-4, and Fredin does not explain. But again, the above "facts" are not "facts." Fredin's assertions about Judge Nelson are simply the product of his imagination.

Finally, Fredin contends that the Court's Order granting Kreil's Motion for Sanctions shows bias against Fredin in and of itself. *See id.* at 4. That again is plainly not so. The Court's Order reflects only opprobrium for Fredin's broad-ranging and egregious misconduct. Fredin more than earned it. If anything, the Court's response to Fredin's efforts to harass the parties, counsel, and the Court has been extremely measured and fair. Fredin has taken the Court's fairness as

4

license to flaunt the Court's Order and refuse to comply. *See* Mem. in Supp. of Mot. to Show Cause (Dkt. 53). It is frankly incredible that, having been afforded every solicitude by the Court over the course of his three-year litigation spree, having so far avoided the harsher sanctions the Court could have imposed for his recent misconduct, and having spent the last month in open contempt of the Court's Order, Fredin complains that the Court has treated him unfairly.

## Conclusion

Fredin's Motion to Recuse shows that he did not get the Court's message in its November 23, 2020 Order (Dkt. 39). Fredin evidently remains convinced that it is not *he* who must change if this litigation is to proceed, but *the Court*. If the Court's Order (Dkt. 39) did not convince Fredin to conform his conduct to minimally acceptable standards going forward, it seems unlikely that anything will. Kreil respectfully submits that this litigation cannot proceed under these circumstances. The Court should deny Fredin's Motion to Recuse and bring these proceedings to a close.

| | |
|---|---|
| DATED:  December 17, 2020 | **ROBINS KAPLAN LLP** |
| | By: /s/ *Anne M. Lockner* |
| | Anne M. Lockner (Bar No. 0295516) |
| | J. Haynes Hansen (Bar No. 0399102) |
| | Ena M. Kovacevic (Bar No. 0400149) |
| | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, Minnesota 55402 |
| | T: (612) 349-8500 |
| | F: (612) 339-4181 |
| | alockner@robinskaplan.com |
| | ekovacevic@robinskaplan.com |
| | hhansen@robinskaplan.com |
| | |
| | *Counsel for Defendant Jamie Kreil* |