UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 17-cv-03058 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindsey Middlecamp, | |
| Defendant. | |

| | |
|---|---|
| Brock Fredin, | Case No. 18-cv-00466 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Grace Elizabeth Miller et al., | |
| Defendants. | |

| | |
|---|---|
| Brock Fredin, | Case No. 20-cv-01929 (SRN/HB) |
| Plaintiff, | |
| v. | |
| Jamie Kreil, | |
| Defendant. | |

Brock Fredin, 1180 Seventh Avenue, Baldwin, WI 54002, Pro Se.

K. Jon Breyer, Kutak Rock LLP, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for Defendants Lindsey Middlecamp, Grace Elizabeth Miller, and Catherine Marie Schaefer.

1

Anne M. Lockner, Ena Kovacevic, and Haynes Hansen, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Defendant Jamie Kreil.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Brock Fredin's Motion to Disqualify the undersigned under 28 U.S.C. § 455 [17-cv-03058, Doc. No. 281; 18-cv-00466, Doc. No. 252; 20-cv-01929, Doc. No. 83]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the motion.

## I.    BACKGROUND

On November 23, 2020, this Court issued an Order sanctioning Fredin for posting online websites and videos disparaging Defendants' counsel and a magistrate judge of this Court. (Order [17-cv-03058, Doc. No. 253; 18-cv-00466, Doc. No. 221; 20-cv-01929, Doc. No. 39] (hereafter, "Sanctions Order").) The Court found that Fredin had created his websites and videos in a bad-faith effort to harass and intimidate Defendants and the Court. (*Id.* at 14-15.) Accordingly, the Court sanctioned Fredin under its inherent power to sanction abuses of the judicial process. That sanction took the form of an injunction requiring, *inter alia*, that Fredin immediately remove his websites and videos, coupled with the admonition that failure to comply with the injunction could result in further penalties. (*Id.* at 17.) Subsequently, Fredin filed a Motion to Disqualify the undersigned.

## II.   DISCUSSION

The Court is bound by 28 U.S.C. § 455 and the Code of Conduct for United States Judges ("the Code"), and if recusal were required under either set of rules, the Court would

2

disqualify itself. Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is an objective one, and disqualification is required "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (quoting *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)). The Code similarly requires disqualification where "the judge's impartiality might reasonably be questioned." Canon 3(C)(1).[1]

The Court finds that Fredin has not carried the "heavy burden" of demonstrating that a reasonable person would question the Court's impartiality. Fredin points primarily to the undersigned's previous relationship with Robins Kaplan, the firm representing Defendant Kreil. Fredin argues that the Court "is an interested party" because it "is interested in protecting and representing" Robins Kaplan and its attorneys. (Mem. in Supp. of Mot. to Disqualify [17-cv-03058, Doc. No. 283], at 3.)[2] Fredin also suggests that recusal is required because the undersigned previously "worked with and mentored" one of Kreil's

---

[1] The Code is publicly available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#c.

[2] Because the same document was filed in all three cases, the Court cites only to the 17-cv-03058 docket as a matter of convenience.

attorneys. (*Id.*) But the undersigned joined Robins, Kaplan, Miller, and Ciresi (now Robins Kaplan) in 1984, and left the firm in 2000 to take the federal bench. Therefore, the undersigned has had no financial stake in the firm since 2000. Moreover, contrary to Fredin's bare conspiracy theory, the undersigned's tenure at the firm did not overlap with that of Kreil's attorney. Consequently, the Court has neither a financial nor a personal interest which might lead a reasonable person to question the Court's impartiality. And insofar as Fredin argues that this Court's rulings in favor of Defendant Kreil demonstrate partiality, "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." *Fletcher*, 323 F.3d at 665–66 (citations omitted).

Therefore, neither § 455 nor the Code require disqualification. As a result, recusal is not just inappropriate, it is arguably prohibited. *See, e.g.*, *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."); *Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating that "[b]ecause the rules do not require . . . recusal," the judge was "obligated to remain on the panel"); *Walker v. Bishop*, 408 F.2d 1378, 1382 (8th Cir. 1969) (stating that "there is as much obligation on the part of the judge not to recuse himself when there is no occasion for so doing as there is to recuse himself when such an occasion exists"). Accordingly, the Court denies Fredin's Motion to Disqualify.[3]

---

[3] Defendants Middlecamp, Miller, and Schaefer request that the Court award them $5,000 in attorneys' fees incurred in responding to Fredin's Motion to Disqualify. Although Fredin's motion is meritless, the Court declines to depart from the American Rule with respect to this motion. Fredin is warned, however, that the Court will strongly

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify the undersigned [17-cv-03058, Doc. No. 281; 18-cv-00466, Doc. No. 252; 20-cv-01929, Doc. No. 83] is **DENIED**. **IT IS SO ORDERED.**

Dated: December 18, 2020              s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge

---

consider granting future requests for Defendants' attorneys' fees if it finds that he generates additional motion practice in this litigation in bad faith.