## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, | Case No. 20-cv-01929 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Jamie Kreil, | |
| Defendant. | |

Brock Fredin, 1180 Seventh Avenue, Baldwin, WI 54002, Pro Se.

Anne M. Lockner, Ena Kovacevic, and Haynes Hansen, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Dismiss [Doc. No. 10] filed by Defendant Jamie Kreil.[1] Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

I.     **BACKGROUND**

On February 22, 2017, Kreil wrote a Facebook post alleging that Plaintiff Brock Fredin had raped her in 2010. (Am. Compl. [Doc. No. 6], Ex. A, at 3.) Fredin subsequently filed lawsuits against three other women, alleging, among other claims, that those women

---

[1] Kreil originally joined a Motion to Designate Brock Fredin a Vexatious Litigant with her Motion to Dismiss. (*See* Mot. to Dismiss [Doc. No. 10].) The Court previously ruled on the vexatious litigant motion, and now considers Kreil's Motion to Dismiss. (*See* Order [Doc. No. 39].)

defamed him by republishing Kreil's Facebook post with Kreil's name redacted. *See Fredin v. Middlecamp*, No. 17-cv-03058 (SRN/HB) (D. Minn. Nov. 13, 2020); *Fredin v. Miller et al.*, No. 18-cv-00466 (SRN/HB) (D. Minn. Nov. 13, 2020). In support of the *Middlecamp* and *Miller* defendants' summary judgment motions, Kreil submitted an affidavit alleging that Fredin had raped her. (Am. Compl., Ex. A.)

Following Kreil's submission of that affidavit, Fredin brought this action against Kreil. Fredin alleges that Kreil's rape allegation, as initially published on Facebook and as republished in the affidavit, is false and defamatory. (*Id.* ¶¶ 26-35.) Fredin also alleges that Kreil conspired with Lindsey Middlecamp to defame him by permitting Middlecamp to republish Kreil's Facebook post with Kreil's name redacted. (*Id.* ¶¶ 36-46.) In addition, Fredin alleges that Kreil's filing of the affidavit in the *Middlecamp* and *Miller* cases constitutes abuse of process and fraud. (*Id.* ¶¶ 47-65.) And, finally, Fredin asserts an intentional infliction of emotional distress claim based on the Facebook post and the affidavit. (*Id.* ¶¶ 66-75.)

Kreil now moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Kreil argues that Fredin's claims are time-barred insofar as they relate to her 2017 Facebook post, and are barred by the absolute litigation privilege insofar as they relate to the affidavit filed in the *Middlecamp* and *Miller* cases.

## II.    DISCUSSION

### A.    Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable

to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.*

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Because the existence of a statute of limitations and the applicability of the absolute litigation privilege are affirmative defenses, dismissal under Rule 12(b)(6) is proper only if the defenses are apparent on the face of the complaint. *See Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove. . . . [T]herefore the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." (citations omitted)); *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008) ("If an affirmative defense such as a privilege is apparent on the face of the complaint . . . that privilege can provide the basis for dismissal under Rule 12(b)(6)." (citation omitted)). Thus, in considering the applicability of these defenses the Court's review is limited to the Amended Complaint and

any "public records and materials embraced by the complaint." *Noble Sys. Corp.*, 543 F.3d at 983.

**B.     Statute of Limitations**

The Court finds that Fredin's claims related to Kreil's Facebook post are time-barred. Under Minnesota law, the statute of limitations applicable to Fredin's defamation, conspiracy to defame, and intentional infliction of emotional distress claims is two years. Minn. Stat. § 541.07(1); *see also Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 706 (D. Minn. 2020) ("Under Minnesota law, defamation claims are subject to a two-year statute of limitations."); *Kaufmann v. Sheehan*, 707 F.2d 355, 357 (8th Cir. 1983) (upholding the decision of the district court, which reasoned that a plaintiff may not circumvent a statute of limitations applicable to defamation merely by alleging a conspiracy to defame); *Wenigar v. Johnson*, 712 N.W.2d 190, 209 (Minn. Ct. App. 2006) (noting that § 541.07(1) imposes a "two-year statute of limitations for commencing an intentional infliction of emotional distress claim").

It is apparent from the face of the Amended Complaint that Fredin did not bring this action within the limitations period. Fredin alleges that Kreil published her Facebook post on February 22, 2017. (Am. Compl. ¶ 30.) Fredin knew of the existence of Kreil's post as early as July 18, 2017, when he filed a complaint against Lindsey Middlecamp based largely on Middlecamp's publication of a redacted copy of Kreil's post.[2] (*See* Compl. [17-

---

[2] Fredin's complaint in the *Middlecamp* case is a public record, and was incorporated by reference in the Amended Complaint. (Am. Compl. ¶ 8.) The Court may

cv-03058, Doc. No. 1], at ¶ 13.) Nonetheless, Fredin did not file this action until September

10, 2020. Fredin's claims related to Kreil's Facebook post are therefore time-barred.

Fredin argues that the statute of limitations should be equitably tolled because he

did not discover that Kreil wrote the Facebook post until she filed her affidavit in the

*Middlecamp* and *Miller* cases, despite his alleged due diligence in attempting to discover

her identity. (Mem. in Opp. [Doc. No. 31], at 3-4.) Indeed, Fredin alleges that "[p]rior to

Defendant Kreil's declaration, Plaintiff did not even know who she was." (Am. Compl.

¶ 1.)

Fredin's claims are belied, however, by his own discovery requests in the course of

his litigation against Middlecamp. In July 2017, Fredin served interrogatories and requests

for production which referred to Kreil by name. (Breyer Decl. [17-cv-03058, Doc. No.

204], Ex. 1, at 5 ("Identify and describe each and every communication You have had

with . . . Jamie Kreil Bajurny . . . ."); Ex. 2, at 5 (requesting production of "[a]ll

communications between You and Jamie Kreil Bajurny concerning or relating to Brock

Fredin").)[3] Thus, Fredin's allegation that he "did not even know who [Kreil] was" is simply

implausible. (Am. Compl. ¶ 1.)

therefore consider the complaint for purposes of Kreil's Motion to Dismiss. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

[3] As matters of public record, the Court may take judicial notice of the fact of Fredin's statements in the interrogatories and requests for admission filed in the *Middlecamp* litigation. *See Graham v. Catamaran Health Sols. LLC*, 940 F.3d 401, 405 n.1 (8th Cir. 2017) ("Even when addressing a motion to dismiss, we may take judicial notice of filings of public record and the fact (but not the veracity) of parties' assertions therein." (citing *Roe v. Nebraska*, 861 F. 3d 785, 788 (8th Cir. 2017))).

Regardless, "in the absence of fraud, ignorance of the existence of the cause of action does not toll the statute of limitations." *Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 190 N.W.2d 77, 81 (1971); *see also McGaa v. Glumack*, 441 N.W.2d 823, 825 (Minn. Ct. App. 1989) ("Lack of knowledge of a defamatory publication will not toll the statute of limitations; the statute of limitations begins to run at the time of publication."). Although fraudulent concealment of a cause of action may permit tolling of the statute of limitations, Fredin has not plausibly alleged that Kreil fraudulently concealed her identity. "Under [Federal Rule of Civil Procedure] 9(b)'s heightened pleading standard, 'allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how . . . .'" *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (quoting *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)). The only allegations in the Amended Complaint touching on fraudulent concealment are that Kreil "failed to provide any information that would have led Plaintiff to anyone let alone Defendant Kreil," and "actively and knowingly withheld her identity despite being materially aware" of Fredin's lawsuit against Middlecamp. (Am. Compl. ¶¶ 13-14, 51, 70.)

But under Minnesota law, "[t]here must be an affirmative concealment of a cause of action, and absent a fiduciary relationship, mere silence is not sufficient." *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 867 (D. Minn. 2012) (citing *Appletree Square 1 Ltd. Partnership v. W.R. Grace & Co.*, 815 F. Supp. 1266, 1275 (D. Minn. 1993)). The Amended Complaint does not plausibly allege, with the particularity required under Rule

9(b), that Kreil fraudulently concealed her identity from Fredin—particularly in light of the fact that, despite his assertion to the contrary, Fredin knew Kreil's name in July 2017.

Accordingly, the Court finds that the statute of limitations bars Fredin's claims insofar as they relate to Kreil's February 2017 Facebook post.

### C.    Absolute Litigation Privilege

The Court finds that it is clear from the face of the Amended Complaint that Fredin's remaining claims, premised on Kreil's affidavit, are barred by the absolute litigation privilege. Under Minnesota law, "[s]tatements, even if defamatory, may be protected by absolute privilege in a defamation lawsuit if the statement is (1) made by a . . . witness; (2) made at a judicial or quasi-judicial proceeding; and (3) the statement at issue is relevant to the subject matter of the litigation." *Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 306 (Minn. 2007) (citing *Matthis v. Kennedy*, 67 N.W.2d 413, 417 (Minn. 1954)). The absolute litigation privilege "encourages frank testimony by witnesses, by enabling them to testify without fear of civil liability for their statements," and "completely shield[s]" the witness "from liability for her statements, even statements that are intentionally false or made with malice." *Id.* (citations omitted). Moreover, the privilege applies not only to defamation claims, but to "claims sounding in defamation—that is claims where the injury stemmed from and grew out of the defamation." *Id.* at 310 (citing *Zagaros v. Erickson*, 558 N.W.2d 516, 523 (Minn. Ct. App. 1997)).

Fredin alleges that Kreil defamed him and conspired to defame him by filing an affidavit in the *Middlecamp* litigation containing the allegedly false accusation that Fredin raped Kreil. These claims are manifestly barred by the absolute litigation privilege. Further,

Fredin alleges that Kreil's affidavit constitutes an actionable abuse of process and fraud. The gravamen of Fredin's claim is that Kreil filed the affidavit in order to interfere with the *Middlecamp* litigation. (*See* Am. Compl. ¶¶ 47-65.) Fredin's claim is inseparable from the allegedly defamatory statement contained in Kreil's affidavit, and therefore the "injury" he alleges "stemmed from and grew out of the defamation." *Mahoney & Hagberg*, 729 N.W.2d at 310. Likewise, Fredin's intentional infliction of emotional distress claim, insofar as it is premised on Kreil's affidavit, alleges an injury stemming from the allegedly defamatory nature of the affidavit. Accordingly, Fredin's abuse of process, fraud, and intentional infliction of emotional distress claims are also barred by the absolute litigation privilege.

Notably, Fredin's opposition memorandum does not address Kreil's invocation of the absolute litigation privilege. That reason is sufficient alone to grant Kreil's motion. *See Njema v. Wells Fargo Bank, N.A*, 124 F. Supp. 3d 852, 867 (D. Minn. 2015), *aff'd*, 673 F. App'x 609 (8th Cir. 2017) (holding that the plaintiff waived any argument on an issue raised in the defendant's motion to dismiss by not addressing the issue).

## III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 10] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 18, 2020     s/Susan Richard Nelson
             SUSAN RICHARD NELSON
             United States District Judge