UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BROCK FREDIN,<br><br>        Plaintiff,<br><br>  --against--<br><br>JAMIE KREIL,<br><br>        Defendant. | Case No. 20-CV-01929<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNSEALING AND OBJECTION TO THE JANUARY 11, 2021 ORDER FOR PERMANENT SEALING** |

Plaintiff Brock Fredin ("Plaintiff"), proceeding *pro se*, hereby submits this memorandum of law in support of unsealing document numbers 19, 23, 34, 55, 55-1, 55-2, 61-1 and objection to the Court's January 11, 2021 Order to seal.

## PRELIMINARY STATEMENT

Plaintiff is wondering when all fifty (50) states repealed the First Amendment to accommodate Anne M. Lockner's request to seal public documents. The Court's unilateral efforts to violate its oath to the Constitution and violate the First Amendment is depraved and evil. The Court has dismissed human rights. Instead, it seeks to silence exposure of violence. To call the Court's actions evil would be a total understatement. What the Court, Middlecamp and Miller Defendants, Defendant, Anne M. Lockner, and K. Jon Breyer, are doing is wrong, pathetic, cowardly, and evil.

## LEGAL STANDARD

1

Fed. R. Civ. P. 5.2(d) states "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing order the person who made the filing to file a redacted version of the public record."

## ARGUMENT

As described below, the documents are a matter of public record. Second, Ms. Lockner fails to identify statements with specificity entitling her relief to seal. Third, the statements contained in the websites or videos filed by Ms. Lockner do not contain highly confidential information. Fourth, the Court failed to provide Plaintiff enough time to respond.

**I.     Matter of Public Record**

Ms. Lockner filed a January 8, 2021 motion requesting that a number of recent documents be sealed. [Dock No. 111.] As further proof of Ms. Lockner's misrepresentations, she filed the motion claiming it was joint. The motion was never joint. Plaintiff never agreed or consented to documents being filed under seal. Instead, she likely meant it was a "joint" motion in furtherance of her conspiracy with the Court (where both were or are partners at Robins Kaplan) to obtain relief on her personal behalf.

The documents in question are a matter of public record. Ms. Lockner fails to identify what content is not already public. [*Fredin v. Kreil*, Dock. No. 55, 61.] There is a "common-law right of access to judicial records." *Kruszka v. Novartis Pharm. Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014) (quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.,* 898 F.2d 1371, 1376 (8th Cir.1990)); *Arctic Cat,*

2

*Inc. v. Sabertooth Motor Grp.,* LLC, Case No. 13-146 (JRT/JSM) (D. Minn. Aug. 1, 2016) (unsealing records).

## II. Ms. Lockner Fails to Identify Any Content With Specificity That Violates the First Amendment Entitling Relief to Seal Records

In her motion, Ms. Lockner makes a far-fetched claim that Defendant Kreil is issuing requests to seal documents. That is utter nonsense. Defendant Kreil is not making any decisions in this case. Moreover, she is unable to know what legal issues to plead. Obviously, Ms. Lockner, Robins Kaplan, and the Court is misusing Ms. Lockner to silence exposure of its misconduct. More specifically, Ms. Lockner submits vague responses. [*Fredin v. Kreil*, Dock. No. 111 ¶ 2-4.] The content in question does not identify Defendants, use any identifying information, and most importantly, was not used to "harass" or "intimidate" Defendant. *Id.* Ms. Lockner fails to provide any case law that entitles her relief to seal for allegations of harassment. More importantly, Ms. Lockner's motion fails to identify any statements within the websites or videos that rise to this level. Specifically, the website "documents are completely lacking in factual allegations or circumstances relating to any alleged [condition] that would necessitate the "good cause" necessary for a finding that it could be filed under seal in this Court." *Mello v. Unum Corp.*, No. 4:13CV2543 NCC, at *8 (E.D. Mo. Feb. 4, 2014)

On the contrary, Defendant and her conspirators have harassed Plaintiff for years and seek to silence any rebuttal. Most sickeningly, Ms. Lockner seeks to use the case to seek relief on her own behalf where she says that content was used to "intimidate counsel". *Id.* Why are Defendants harassing and issuing physical and sexual assault threats lodged

3

at Plaintiff? Why are they attacking Plaintiff's attorneys in the *City Pages* to prevent Plaintiff from ever retaining counsel? Plaintiff is stunned the Court has not sanctioned Middlecamp or Miller Defendants for their continued threats directed at Plaintiff and non-stop Twitter, tabloid, or other campaigns based on their self-admitted "unique false information" and attempts to "fabricate". *Letica Corp. v. Sweetheart Cup Co.*, 790 F. Supp. 702 (E.D. Mich. 1992) (holding that courts have required greater specificity in pleading where case implicates conduct prima facie protected by First Amendment)

### III. Highly Confidential Information

In her motion, Ms. Lockner submits documents containing statements that are not "highly confidential information." *Hammer v. Sam's E., Inc.*, No. 12-cv-2618-CM (D. Kan. Nov. 27, 2012) (denying motion to seal because statements were not highly confidential.) Specifically, the statements do not contain anything that warranted seal *even* under local rules including social security numbers, bank accounts, or credit card numbers. (*See* Local Rule 9.1; 5.5.)

### IV. Plaintiff Was Not Given Enough Time to Respond

Ms. Lockner filed her motion on January 8, 2021. [Dock No. 111.] The Court issued an Order on January 11, 2021. [Dock No. 113.] Local Rule 7.1 (b) provides Plaintiff seven (7) days to respond before issuance of an order. Plaintiff was not given the requisite period before issuance of an order. The Court is disregarding its own rules to prejudice Plaintiff.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Ms. Lockner's request that documents be sealed in this case be denied in its entirety.

Dated: February 8, 2021
Saint Croix Co., WI

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2021, I filed the foregoing with the Clerk of Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List:

Anne M. Lockner

Dated: February 8, 2021
Saint Croix Co., WI

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*