UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Brock Fredin,

    Plaintiff,

    v.

Jamie Kreil,

    Defendant.

Case No. 0:20-cv-01929-SRN-HB

**Jamie Kreil's Opposition to Brock Fredin's Motion to Unseal Documents**

## INTRODUCTION

After failing to object to the sealing of documents in the manner prescribed by Local Rule 5.6 throughout this litigation, Brock Fredin has filed a motion (Dkt. 134) seeking to unseal every single document the Court has ordered sealed to date. *See* Mot. (Dkt. 134) at 1. Fredin does not explain his failure to comply with the Local Rules or provide any cognizable legal basis for his motion. Instead, he again dedicates the majority of his brief to baseless attacks on counsel and the Court. The motion is little more than yet another vehicle for Fredin's vitriol in a case that ended months ago. The Court should deny it in its entirety.

## ARGUMENT

Fredin has waived his right to object to sealing by failing to comply with Local Rule 5.6. With respect to each document at issue, Fredin had the opportunity to state whether he opposed sealing and to provide the grounds for his opposition. In each case, Fredin declined to do so. *See* Dkts. 65, 111. For every document at issue, Fredin had the right to seek further consideration of the sealing order within 28 days pursuant to Local Rule 5.6(d)(3). With respect to all but the small handful of documents subject to the Court's most recent Order (Dkt. 113), Fredin declined to do so. Fredin thus chose not to contest the sealing of documents in the manner prescribed by Local Rule 5.6. He cannot belatedly

seek to undo every sealing order the Court has issued in this litigation to date given this failure. To hold otherwise would render Local Rule 5.6 a nullity.

Regardless, Fredin's motion fails on the merits. The public right of access to court records "is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1223 (8th Cir. 2013).

The documents sealed in this action are web publications that Fredin created "in bad faith with the intent to harass Defendants, their counsel, and the Court," which are subject to an injunction requiring Fredin to remove them from the internet and not republish them. Order (Dkt. 39) at 18, 21-22; *see also* Order (Dkt. 71) at 7 (noting that Fredin's publications postdating the sanctions order were created in "defiance of the Sanctions Order" to further "interfere with the judicial process through harassment and intimidation"). Fredin has removed all but one of these publications. *See* Response (Dkt. 126).

In moving to seal, Kreil argued that preserving these publications in the public record would undermine the Court's injunction, and would not serve any

substantial public interest. Dkts. 65, 111. The Court accepted this justification and sealed the documents. Dkts. 67, 113. Fredin does not address that premise. Nor, for that matter, does Fredin offer any cognizable legal argument.

Fredin contends that the documents are "a matter of public record" because Kreil filed them with the Court. Mot. (Dkt. 134) at 2. But that is true of every document the Court seals. Fredin further argues that his publications did not harass Kreil's counsel or the Court. *Id.* at 3-4. The Court has already held otherwise. *See* Order (Dkt. 39); Order (Dkt. 71). Fredin badly asserts, that the documents do not include "highly confidential information," Mot. (Dkt. 134) at 4, but makes no effort to explain that assertion or its legal significance. And Fredin contends he was not given enough time to respond to under Local Rule 7.1, *id.*, apparently without realizing that the procedure for sealing documents is instead governed by Local Rule 5.6. Beyond the foregoing, Fredin's motion consists of insults and accusations that do not merit a response.

Finally, apart from the deficiencies apparent on the fact of the motion, Fredin has appealed virtually every ruling the Court has made in this litigation, including the Court's rulings related to the sealed documents. This Court has previously held that such circumstances may warrant holding motions for further consideration of sealing in abeyance pending the resolution of the appeal. *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. 15-cv-3183 (ADM/LIB),

2018 U.S. Dist. LEXIS 234481, at *9 (D. Minn. Oct. 12, 2018). The same reasoning applies equally to Fredin's motion to unseal documents.

## CONCLUSION

Months after the Court dismissed this case, Fredin continues to lodge meritless filings with no purpose other than to pillory the Court and counsel with insults. Kreil respectfully submits that the Court should deny Fredin's latest motion and take steps to stem further such filings, including by making good on its threat to "grant[ ] future requests for Defendants' attorneys' fees if it finds that [Fredin] generates additional motion practice in this litigation in bad faith." Order (Dkt. 99) at 4 n.3.

DATED:  February 15, 2021      **ROBINS KAPLAN LLP**

By: /s/ *Anne M. Lockner*
Anne M. Lockner (Bar No. 0295516)
J. Haynes Hansen (Bar No. 0399102)
Ena M. Kovacevic (Bar No. 0400149)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
alockner@robinskaplan.com
ekovacevic@robinskaplan.com
hhansen@robinskaplan.com

*Counsel for Defendant Jamie Kreil*