United States Court of Appeals
For the Eighth Circuit

_____

No. 20-3487
_____

Brock Fredin

*Plaintiff - Appellant*

v.

Lindsey E. Middlecamp

*Defendant - Appellee*

_____

No. 20-3513
_____

Brock Fredin

*Plaintiff - Appellant*

v.

Grace Elizabeth Miller; Catherine Marie Schaefer

*Defendants - Appellees*

_____

No. 20-3516
_____

Brock Fredin

*Plaintiff - Appellant*

v.

Grace Elizabeth Miller; Catherine Marie Schaefer

*Defendants - Appellees*

_____

No. 20-3525
_____

Brock Fredin

*Plaintiff - Appellant*

v.

Lindsey E. Middlecamp

*Defendant - Appellee*

_____

No. 20-3528
_____

Brock Fredin

*Plaintiff - Appellant*

v.

Jamie Kreil

*Defendant - Appellee*

_____

-2-

No. 21-1132

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Jamie Kreil

*Defendant - Appellee*

_____

No. 21-1134

_____

Brock Fredin

*Plaintiff - Appellant*

v.

Lindsey E. Middlecamp

*Defendant - Appellee*

_____

No. 21-1135

_____

Brock Fredin

*Plaintiff - Appellant*

-3-

v.

Grace Elizabeth Miller; Catherine Marie Schaefer

*Defendants - Appellees*

_____

Appeals from United States District Court
for the District of Minnesota

_____

Submitted: August 3, 2021
Filed: August 10, 2021
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals from his actions raising state law claims based on diversity jurisdiction, Brock Fredin challenges the district court's[1] orders (1) denying his motion to extend the discovery deadline; (2) granting summary judgment in favor of defendants; (3) imposing an injunction relating to certain videos and websites involving defendants, their counsel, and the district court; (4) ordering him to show cause why he did not comply with the injunction; and (5) declaring him a vexatious litigant and imposing filing restrictions.[2] After careful review of the record

---

[1] The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

[2] To the extent Fredin intended to challenge any other matters, he has waived the opportunity to do so. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (where dismissal of claim is not challenged on appeal, claim is abandoned); Hacker

-4-

and the parties' arguments on appeal, we find no basis for reversal.  See Jackson v. Reibold, 815 F.3d 1114, 1119 (8th Cir. 2016) (summary judgment standard of review); Life Plus Int'l v. Brown, 317 F.3d 799, 806 (8th Cir. 2003) (district court's decisions concerning its management of discovery process are reviewed for abuse of discretion); Bass v. Gen. Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998) (standard of review of court's sanctions under inherent authority); In re Tyler, 839 F.2d 1290, 1290-91, 1290-95 (8th Cir. 1988) (per curiam) (upholding filing limitation on plaintiff who abused judicial process; courts have a "clear obligation" to exercise their authority to protect litigants from harassing, abusive, and meritless litigation).

      Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

---

v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (issue is deemed abandoned where party does not raise it in appellate brief).

-5-