UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Jamie Kreil,<br><br>   Defendant. | Case No. 0:20-cv-01929-SRN-HB |
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Lindsey Middlecamp,<br><br>   Defendant. | Case No. 0:17-cv-03058-SRN-HB |
| Brock Fredin,<br><br>   Plaintiff,<br><br>v.<br><br>Grace Elizabeth Miller and Catherine Marie Schaefer,<br><br>   Defendants. | Case No. 0:18-cv-00466-SRN-HB |

**MEMORANDUM IN SUPPORT OF JOINT RENEWED MOTION FOR AN ORDER TO SHOW CAUSE**

# INTRODUCTION

More than one year ago, this Court entered an Order (Dkt. 39) enjoining Brock Fredin from further harassing the parties and the Court through the posting of disparaging websites and YouTube videos. Shortly thereafter, the Court held Fredin in contempt for violations of that Order (Dkt. 51), but deferred imposing sanctions. The Eighth Circuit recently affirmed both Orders, and denied Fredin's petition for rehearing en banc. In retaliation, Fredin has renewed his campaign of harassment. He has created new websites and videos targeting counsel and the Court, once again smearing them with baseless accusations of criminal and unethical conduct. To make clear his intent to violate the Court's Order, Fredin has included taunting references to it in many of his new web publications. And he has expanded his targets, including websites and videos aimed at current and former members of counsel's firm with no involvement in this case, as well as each of the judges of the Eighth Circuit (save the one who dissented from denial of rehearing en banc).

This Court has given Fredin chance after chance to comply with its Orders. But Fredin has made clear that he will not respect the Court's Orders even now, after the Eighth Circuit affirmed them. The parties to the above-captioned cases therefore renew their respective motions for contempt sanctions, and ask that the Court impose the sanctions it deferred previously.

## BACKGROUND

Brock Fredin threatened the Court with "vigilante" tactics if it would not rule in his favor in his various lawsuits. *See* Order (Dkt. 39) at 7-8. When this failed to produce the desired result, Fredin made good on his threat. He created "dozens" of "inflammatory, baseless, demeaning, and disturbing" websites and videos targeting (among others) opposing counsel and the Court. *Id.* at 13. The Court found that Fredin created these websites and videos in an effort "to bully Defendants into favorable settlement terms and influence th[e] Court's rulings." *Id.* at 14. It thus enjoined Fredin's extraordinary campaign of harassment, which threatened not just his immediate targets, but "'the integrity and credibility of the civil justice system'" as a whole. Order (Dkt. 39) at 14-15 (quoting *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993)).

But Fredin did not abate his campaign of harassment. He filed a letter with the Court declaring that he "w[ould] not abide by the directives set forth in [the] November 23, 2020 Order." Letter (Dkt. 40) at 2. He then created and posted *new* harassing videos targeting counsel and the Court. The parties in the above-captioned actions each filed motions for contempt sanctions, and this Court granted them, holding that "it [was] undisputed that [Fredin] ha[d] not complied with that Order—despite the pendency of contempt proceedings against him." Order (Dkt. 110) at 10. But the Court deferred imposing any sanctions to "offer

Fredin one more opportunity to comply with the Sanctions Order." *Id.* Fredin eventually complied with that Order, albeit partially. He removed from his YouTube page most of the videos at issue save those he created concerning the Court. *See* Decl. (Dkt. 123).

Over the following year, Fredin continued to violate the Court's Order. He created numerous additional videos targeting the Court, as well as one targeting counsel for Middlecamp, Schaefer, and Miller. *See* Lockner Decl. ¶ 3. He further re-posted one of the videos enumerated in the Court's Order concerning Kreil's counsel twice, removing them only after Kreil's counsel threatened to bring the matter to the Court's attention. *Id.* ¶ 4. And one of Fredin's most grotesque videos targeting Kreil's counsel reappeared at a different internet address. *Id.* Ex. A. Fredin is undoubtedly behind the re-posting of this video, as Fredin gleefully shared the link to it in filings with the Eighth Circuit. *Appellant's Reply to Defs' Opp'n for Rehearing and Rehearing En Banc, Fredin v. Middlecamp*, App. No. 20-3487 (Filed Oct. 26, 2021). Fredin further expanded his harassment of other targets not subject to the Court's order, in some cases going so far as to target the children of his perceived enemies. *Id.* ¶ 7.

In the meantime, Fredin appealed this Court's Orders to the Eighth Circuit. On August 10, 2021, the Court of Appeals issued an opinion affirming this

3

Court's Orders, and on November 10, 2021, it denied rehearing en banc.[1]

On December 11, Fredin renewed his campaign of harassment. He posted a slew of new videos and websites targeting counsel and the Court. *See* Lockner Decl. Exs. B-K. Like Fredin's previous websites and videos, the new videos baselessly accuse counsel and the Court of unethical and criminal behavior, including perjury, rape, and malpractice.[2] Many of the new web publications include taunting references to the Court's Orders, stating: "Please download and share this video before the corrupt local state or federal court system bans this video." *See* Lockner Exs. B, C, F. Fredin further created websites targeting judges of the Eighth Circuit, accusing them of "judicial abuse." *Id.* Exs. L-O. In sum, not only did Fredin fail to comply with the Court's Order despite its admonitions, Fredin has deliberately, openly, and repeatedly violated that Order in retaliation for his recent loss on appeal.

---

[1] Judge Grasz dissented from the denial of rehearing en banc concerning the scope and duration of the Court's sanctions order, but did not question the propriety of injunctive relief or the Court's finding of contempt.

[2] *Compare, e.g.*, Dkt. 34-1, Ex. A (accusing counsel of "fabricat[ing] allegations in an effort to smear local citizens") *with* Lockner Decl., Ex. K (accusing counsel of "fabricat[ing] allegations and falsify[ing] evidence"); Dkt. 19-4, Ex. D ("Anne M. Lockner is the most abusive attorney in Minneapolis") *with* Lockner Decl., Ex. C (accusing counsel of "manag[ing] a team of drug addicts"); Dkt. 55-2 (accusing this Court of bribery) *with* Lockner Decl., Ex. D (accusing this Court of drug abuse). *See also* Lockner Decl., Ex. I (declaring counsel to be "a low-T loser attorney putting clients out of business.") and *id.* Ex. H (counsel is "a disgusting misogynist" and a "rapist".)

# ARGUMENT

## I. The Court should hold Fredin in contempt.

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Upon such a showing, the burden shifts to the violating party to demonstrate, "categorically and in detail," that it is impossible to comply with the order, this inability to comply is not self-induced, and the violating party made a good-faith effort to comply with the order. *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001). Criminal contempt sanctions further require a showing that the violation was "willful." *Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc.*, No. 09-CV-175, 2011 U.S. Dist. LEXIS 113864, at *9 (N.D. Iowa Oct. 3, 2011). "'Willfulness' in contempt cases 'means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order.'" *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781 (8th Cir. 1987) (quoting *In re Mossie*, 589 F. Supp. 1397, 1409 (W.D. Mo. 1984)).

The Court has already determined that Fredin violated its Order imposing sanctions previously, and held Fredin in contempt, although it deferred imposing sanctions. *See* Order (Dkt. 110) at 10. The Eighth Circuit has affirmed

that Order. *Fredin v. Middlecamp*, 855 F. App'x 314, 314-15 (8th Cir. 2021); *Fredin v. Middlecamp*, (App. No. 20-3487) (Nov. 11, 2021) (denying petition for rehearing *en banc*). The Court need not find a new violation of the Order to impose now the sanctions it previously deferred.

Regardless, there can be little doubt that Fredin's new publications violate the Court's Order. Indeed, Fredin appears to acknowledge as much, stating in connection with many of his new videos: "Please download and share this video before the corrupt local state or federal court system bans this video." *See* Lockner Exs. B, C, F.

His latest barrage of postings includes the same kind of abusive, false, and harmful accusations that elicited the Court's first Sanctions Order. Lockner Decl. ¶¶ 8-27. He once again falsely accuses Defendants' counsel of unethical and immoral behavior, as well as falsely impugns the integrity of the Court.[3] While including new attacks on his old targets, he also broadened the scope of his attacks and included new victims. Lockner Decl. ¶¶ 7, 32-36. All of the attacks constitute harassment in that they are "intrusive or unwanted acts, words, or gestures that have a substantial adverse effect on the safety, security, or privacy" as defined by Minn. Stat. § 609.748, Subd. 1(a)(1). They are thus in violation of the Court's Sanctions Order. (Dkt. 39 at 21-22.).

---

[3] *See supra* n.2.

The Court should impose the sanctions it previously deferred. Alternatively, Fredin's latest and repeated violations of the Court's Sanctions Order independently subjects him to contempt sanctions. The sanctions outlined below are warranted.

## II. The Court should impose a fine, award Defendants their attorneys' fees in bringing this Motion, and grant any other relief.

Little has changed since the last time the parties to the above-captioned cases were forced to move for a show cause order addressing Fredin's harmful and abusive posts. This Court still has broad latitude in fashioning "other sanctions appropriate 'for conduct which abuses the judicial process.'" *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir.1993) (quoting *Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2133 (1991)). This includes the power to enjoin the harassing extrajudicial conduct of litigants in connection with cases before the Court. *See, e.g.*, Order, *Wells Fargo Bank, NA v. Worldwide Shrimp Company*, et al., Case No. 1:17-cv-04723 (N.D. Ill. Jan. 9, 2020).

In fact, the only thing that has changed is that the Eighth Circuit, by affirming the Court's Sanctions Order, has confirmed the propriety and necessity of this Court's exercise of its inherent authority to protect the sanctity of judicial proceedings and enjoin Fredin's harmful behavior. *Fredin*, 855 F. App'x at 314-15.

The newly posted attacks blatantly violate the Court's Sanctions Order enjoining Fredin from posting "substantially similar accusations against

7

Defendants, or their counsel." (Dkt. 39 at 28-33.) They warrant sanctions for the same reasons as Fredin's last violation of the Court's Order. (*See* Dkt. 110.) Indeed, Fredin's latest outburst cannot be uncoupled with his previous violations, and all together they prove that minor sanctions are not effective against Fredin. (Dkt. 110.) Strong sanctions are warranted here.

In its last Order, the Court warned Fredin that continued non-compliance may warrant "the full panoply of civil contempt sanctions—including a prospective, per diem fine accruing each day that Fredin remains in contempt, as well as an award of the attorney's fees and costs incurred by the Defendants as a result of Fredin's contempt." (Dkt. 110 at 10-11.) The Court also warned Fredin that it "may also refer the matter to the United States Attorney's Office for the prosecution of criminal contempt proceedings." (*Id.* at 11.)

The parties to the above-captioned cases respectfully ask the Court to order Fredin to remove the latest batch of postings, impose a daily fine of $500 for each posting every day that they remain posted as well as $500 for every day that any future abuse is posted, consistent with the Court's original injunction. (Dkt. 39.) Defendants also respectfully asks the Court to grant the parties to the above-captioned cases' counsel attorney's fees for bringing this motion as well as award an upward adjustment from Defendants' original fee petitions (*see* Dkt. 77; 18-cv-466, Dkt 248; 17-cv-3058, Dkt 278), to account for the time counsel spent on

8

opposing Fredin's appeal of this Court's Orders, which was substantial. Should the Court believe that any additional sanctions are necessary and appropriate, the Court should impose them.

## CONCLUSION

Fredin has proven time and time again that only strong sanctions will preclude his harmful behavior. He has been given many chances and offered every possible avenue to contest the propriety of the Court's Order. His time is up; severe sanctions are warranted.

DATED:  December 16, 2021      **ROBINS KAPLAN LLP**

By:  /s/ *Anne M. Lockner*
Anne M. Lockner (0295516)
J. Haynes Hansen (Bar No. 0399102)
Ena M. Kovacevic (Bar No. 0400149)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
alockner@robinskaplan.com
ekovacevic@robinskaplan.com
hhansen@robinskaplan.com

*Counsel for Defendant Jamie Kreil*

DATED:  December 16, 2021	**KUTAK ROCK LLP**

By:   /s/ *K. Jon Breyer*
K. Jon Breyer (302259)
60 South Sixth Street
Suite 3400
Minneapolis, Minnesota 55402
T: (612) 334-5057
jon.breyer@kutakrok.com

*Counsel for Defendants Lindsey Middlecamp, Grace Elizabeth Miller and Catherine Marie Schaefer*