UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

               Plaintiff,

--against--           District Court Case No. 17-CV-3058 (SRN)

LINDSEY MIDDLECAMP,

               Defendants.

---

BROCK FREDIN,

               Plaintiff,

--against--           District Court Case No. 18-CV-466 (SRN)

GRACE MILLER,
CATHERINE SCHAEFER,

               Defendants.

---

BROCK FREDIN,

               Plaintiff,

--against--           District Court Case No. 20-CV-01929 (SRN)

JAMIE KREIL,

               Defendant.

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF
RULE 11 SANCTIONS</u>**

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS......................................................................................... 2

ARGUMENT ............................................................................................................. 4

    I.    PLAINTIFF MOVES FOR SANCTIONS WHERE DEFENDANTS FILE BASELESS MOTION ADMITTING THAT PLAITNIFFS VIDEOS WERE NOT USED TO GAIN AN ADVANTAGE IN THIS LITIGATION ................................................................................................. 4

    II.    PLAINTIFF MOVES FOR SANCTIONS IN CONNECTION TO DEFENDANTS CONTINUED FALSE STATEMENTS IN AFFIDAVITS BEFORE THIS COURT REGARDING THE HAYNES HANSEN "RAM RANCH" VIDEO ON iFUNNY.CO. ............................................................. 7

    III.    PLAINTIFF MOVES FOR SANCTIONS WHERE DEFENDANTS COUNSEL KNOW THEIR NOVEMBER 23, 2020 INJUNCTION CANNOT APPLY TO MAHESHA SUBBARAMAN AND PHILIP SIEFF ........................................................................................................ 9

CONCLUSION ....................................................................................................... 10

BROCK FREDIN .................................................................................................... 10

CERTIFICATE OF COMPLIANCE ...................................................................... 11

CERTIFICATE OF SERVICE................................................................................ 12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Anderson v. CitiMortgage, Inc.*, Civil No. 12-230 ADM/AJB, at *3 (D. Minn. Oct. 29, 2012) ................................................................................................................. 4

*Clark v. United Parcel Serv., Inc.,* 460 F.3d 1004, 1007, 1010-11 (8th Cir. 2006) ............ 8

*In re Murchison*, 349 U.S. 133, 136 (1955) ......................................................................... 9

*Jones v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) ........................... 5

*Lee v. First Lenders Ins. Servs. Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) ........................... 6

*Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) .................................................. 6

*Murphy v. Aurora Loan Services, LLC*, 859 F. Supp. 2d 1016, 1025 (D. Minn. 2012) ...... 6

*Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, 8:10CV365, at *44 (D. Neb. May 18, 2012) ................................................................................................................. 8

*Revson v. Cinque Cinque, P.C.,* 49 F. Supp.2d 686, 687-88 (S.D.N.Y. 1999) ................... 5

*Sexton v. City of Hannibal*, No. 2:09CV0008 AGF, at *3 (E.D. Mo. Mar. 10, 2011) ........ 6

*Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW (N.D. Cal. Aug. 8, 2016) ..................... 6

*Urban v. Sells*, No. C14-4025-MWB, at *25 (N.D. Iowa Aug. 1, 2014) ........................... 5

<u>Rules</u>

Fed. R. Civ. P. 11(b)(1) ................................................................................................. 4, 5

Fed. R. Civ. P. 11(b)(2) .................................................................................................... 4

## INTRODUCTION

Plaintiff Brock Fredin ("Plaintiff") respectfully submits this memorandum in support of Rule 11 sanctions asserted against Defendants and their counsel Robins Kaplan and Kutak Rock.

Defendants admit that Plaintiff has not published these videos to gain an advantage in the litigation, to obtain a favorable settlement or to try to pressure the Court to issue decisions in his favor - the entire impetus of the Court's injunction. Rather, Defendants only gripe with Plaintiff's published videos is their allegation that they contain "false" information. (*See Fredin v. Kreil*, Lockner Decl. ¶ 11, Dock. No. 154.) Defendants have a remedy for that: file a suit alleging defamation where they have to prove falsity before a jury of their peers. Instead, they are trying to short-circuit the process and unethically jam Plaintiff's videos within the scope of the Court's injunction. They're not "substantially similar" because Defendants haven't alleged - must less shown - that Plaintiff published the videos to gain an advantage in any litigation. *Id*.

More specifically, Defendants – for at least the fourth (4) time in this case – make bold faced lies accusing Plaintiff of misconduct without a single piece of evidence to back up their allegations. In this case, Defendants counsel filed a declaration with false statements accusing Plaintiff of placing a video about Haynes Hansen set to the wildly popular song "Ram Ranch" on iFunny.co. (*See Fredin v. Kreil*, Lockner Decl. ¶ 6, Dock. No. 154.) Plaintiff filed a declaration stating that it was not him that published the video to iFunny.co. (*See Fredin v. Kreil*, Fredin Jan. 3, 2022 Decl.) In Plaintiff's declaration, Plaintiff stated that he does not know who published the video and he did not direct anyone to do

so. *Id.* This same Haynes Hansen video attracted strong public support by way of unknown posts on Reddit which Plaintiff is also not responsible for posting. The iFunny.co video likely stems from the Reddit posts. Plaintiff is requesting that Defendants counsel's misconduct be referred to the state and federal Office of Professional Responsibility so that they can finally be held accountable for their scheme predicated on a torrent of deliberately engineered false statements against Plaintiff.

The Court's injunction only prohibits Plaintiff or anyone directed by Plaintiff to publish the Haynes Hansen Ram Ranch video. (*See Fredin v. Kreil*, Dock. No. 39.) None of those two conditions are present here with respect to iFunny.co and an anonymous Internet user who chose to download the original video from Youtube – when it was available – and repost elsewhere. More importantly, Defendants fail to offer proof that Plaintiff published the video because that proof would be impossible to come by. In what is the more likely scenario, however, is that Defendants knew that it was an anonymous Internet user while attempting to scheme in framing yet another false accusation against Plaintiff to further their abusive *pro bono* litigation strategy used to conceal attorney misconduct.

## STATEMENT OF FACTS

The video in question was posted to iFunny.com on January 3, 2021. (*Fredin v. Kreil*, Dock. No. 154 ¶ 5-6.) The name of the user attached to the video is "ORION". The description for "ORION" reads "Photographer, car person, outdoorsman, volunteer firefighter." The user "ORION" has 522 subscribers and 1.5K subscriptions. Plaintiff is none of these attributes and has never maintained a username "ORION" on any platform.

Similarly, Plaintiff does not know any volunteer firefighters or anyone that matches this description. Plaintiff was alerted of the iFunny video when doing research for his appellate pleadings in this case. Plaintiff did not even know the website existed previously. Furthermore, Plaintiff did not know that anyone had reposted any video involving Haynes Hansen until that period of time when he did a cursory Google search in connection with the appellate brief.

On December 16, 2021, Defendants counsel, Anne Lockner, falsely stated in her affidavit that the "websites and videos about Mr. Hansen and Judge Nelson specifically identified in Kreil's Motion for Sanctions, which the Court ordered Brock Fredin to remove "immediately" on November 23, 2020, remain online." (*Fredin v. Kreil*, Dock. No. 154 ¶ 5-6.) Further, Ms. Lockner stated that "the video of Mr. Hansen was simply reposted on a different platform." *Id*. Notwithstanding the fact that content offering legitimate criticism of Your honor was not barred by the November 23, 2020 injunction, which is yet another instance where Ms. Lockner deceives the Court, Defendants appear to falsely imply that Plaintiff had published the Haynes Hansen "Ram Ranch" video to iFunny.com.

Previously, Defendants tried the same tactic when the Court itself notified the parties of emails it received from an unknown third party. In that event, K. Jon Breyer openly lied to the court – without evidence – that it was Plaintiff who had somehow emailed the Court using an anonymous pseudo name. Likewise, in that instance, it was also not Plaintiff and this Court failed to hold Defendants counsel accountable.

Defendants continued false statements show the depraved lengths they are willing to go in order to scheme and falsify evidence. At some point, they need to be held

accountable. Mr. Breyer and Lockner never corrected their false statements and continue to maintain the same persistent misconduct with respect to this latest December 16, 2021 affidavit.

## GOVERNING STANDARD

Pursuant to Fed. R. Civ. P. 11(b)(2), sanctions are "warranted if the legal claims are not 'warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Anderson v. CitiMortgage, Inc.*, Civil No. 12-230 ADM/AJB, at *3 (D. Minn. Oct. 29, 2012). Fed. R. Civ. P. 11(b)(1), prohibits parties from using motion practice to "harass" other parties or use a motion for an "improper purpose".

## ARGUMENT

First, Plaintiff moves for sanctions where Defendants file a baseless motion admitting that Plaintiff did not post the videos to gain an advantage in the litigation. Second, Plaintiff moves for sanctions to prevent Defendants counsel's continued false statements contained in numerous affidavits from irretrievably harming the public and their own future corporate clients. Any failure to hold Mr. Breyer or Lockner accountable would be an insult to insult to the integrity of this Court and further incentive predator attorneys K. Jon Breyer, Lindsey Middlecmap, and Anne Lockner. Third, Plaintiff moves for sanctions given that Defendants failure extends to allegations that the November 23, 2020 injunction baselessly applies to Philip Sieff and Mahesha Subbaraman.

**I.    Plaintiff Moves For Sanctions Where Defendants File Baseless Motion Admitting That Plaintiff's Videos Were Not Used To Gain An Advantage In This Litigation**

4

As an initial matter, Defendants may have posted the Haynes Hansen video to iFunny.co themselves in their bizarre scheme to set Plaintiff up. The thumbnail contains a non-player character (NPC) meme depicting a noose that Defendants could have posted to falsely say that Plaintiff is threatening them.[1]



An actual youtube ad. - Haynes Hansen Associate at Robins ...
iFunny
Jan 2, 2021

The noose appears to be done in a style similar to the Jussie Smollett noose fabrication. This matches and is identical to the entire spectrum of Defendants misconduct in routinely misusing the legal system by filing knowingly false police reports, statements, and inventing outrageous stunts. This includes fabricating police reports from telemarketers, engineering fake text message exchanges from their friends using "unique false information", emails to the Court, and using the Internet as a vehicle to maintain their Twitter barrage directed at Plaintiff silencing him. Unfortunately, Defendants admitted to "fabricating" the "most believable false information" in statements to the Saint Paul City Attorneys' Office during the course of this litigation to cover up their contact with state judicial officers and prosecuting attorneys.

As described above, Defendants admit that Plaintiff has not published these videos to gain an advantage in the litigation which is the entire impetus of the Court's injunction. (*See Fredin v. Kreil*, Dock. No. 39.) The videos or websites <u>could not</u> gain an advantage in any litigation because the case is closed. Instead, Defendants and their counsel are using

---

[1] *See* https://en.wikipedia.org/wiki/NPC_(meme)

this show cause motion for an "improper purpose" to "harass" Plaintiff. Fed. R. Civ. P. 11(b)(1). Defendants "conduct is vexatious, harassing and frivolous within the meaning of Rule 11." *See Revson v. Cinque Cinque, P.C.,* 49 F. Supp.2d 686, 687-88 (S.D.N.Y. 1999). In light of these facts, it is important to note that the videos or websites are not about this case or the parties. Rather, they generally provide legitimate criticism regarding Defendants counsel's previous legal controversies.

Defendants further fail to allege that Plaintiff communicated with them in any manner let alone attempted to engage in settlement discussions. A "court may also impose sanctions under 28 U.S.C. § 1927, which permits a court to award attorneys' fees and costs incurred as a result of attorney conduct which 'so multiplies the proceedings in any case unreasonably and vexatiously.' Objectively bad faith behavior, or the reckless filing of a frivolous claim, are appropriate triggers for attorneys' fees under 28 U.S.C. § 1927." *See Jones v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006).

Instead, Defendants counsels' simp to Your honor and request that an ex-partner at its firm give them immunity from valid criticism involving events that fall not only outside the scope of the November 23, 2020 injunction but completely outside of the parties of this case. (*See Fredin v. Kreil*, Dock. No. 39.) Defendants and their counsel believe they are above the law and can do anything they want because they are partners at big law firms. Defendants and their counsel do not have a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Urban v. Sells*, No. C14-4025-MWB, at *25 (N.D. Iowa Aug. 1, 2014).

6

A reasonable sanction should "deter [Defendants and their counsel] from filing more frivolous … arguments with the Court." *Murphy v. Aurora Loan Services, LLC*, 859 F. Supp. 2d 1016, 1025 (D. Minn. 2012). Here, "Sanctions are proper under § 1927 `when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Lee v. First Lenders Ins. Servs. Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)).

II. **Plaintiff Moves For Sanctions In Connection To Defendants Continued False Statements In Affidavits Before This Court Regarding the Haynes Hansen "Ram Ranch" Video On iFunny.co.**

In her declaration, Defendants counsel falsely stated that Plaintiff posted the Haynes Hansen "Ram Ranch" video to iFunny.co. Defendants counsel false assertion is without evidence or any proof. (*See Fredin v. Kreil*, Lockner Decl. ¶ 5-6, 11, Dock. No. 154.) *Sexton v. City of Hannibal*, No. 2:09CV0008 AGF, at *3 (E.D. Mo. Mar. 10, 2011) (affirming sanctions where attorney filed documents she knew contained false statements) (internal citations omitted.) *See also Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW (N.D. Cal. Aug. 8, 2016) (granting sanctions under Rule 11 after finding allegations were objectively baseless and presented "no evidence" to support their allegations, and because a reasonable investigation would have uncovered the truth).

Plaintiff filed a declaration corroborating his claim that he was not involved in publishing any videos or content. (*See Fredin v. Kreil*, Fredin Dec. 20, 2021 Decl.) Plaintiff has not taken any steps to violate the November 23, 2020 injunction. The evidence that does exist about the video, however, points to an anonymous Internet user with a username "ORION" that, assuming *arguendo* to the extent it was not a setup originating

7

from Defendants, legally published the video without any connection to Plaintiff. Presumably, the user "ORION" was not involved in any litigation with Defendants or their counsel at the time of choosing – based on his or her own volition – to publish the content to iFunny.co. In actuality, Defendants counsel's false statements are used to intimidate anonymous third parties, including "ORION" from publishing the video, which legitimately mocks Defendants counsel. Again, this is a sanctionable issue where Defendants and their counsel are attempting to use their November 23, 2020 injunction to thwart non-parties from exercising their own First Amendment rights.

Unfortunately, Defendants counsel's false statements do not end there. Defendants counsel stated, in her declaration, that the allegation involving Philip Sieff is "false". (*See Fredin v. Kreil*, Lockner Decl. ¶ 10-11, Dock. No. 154.) This is news to many other attorneys and Plaintiff who have witnessed Mr. Sieff make these statements in public. (*See Fredin v. Kreil*, Fredin Dec. 20, 2021 Decl.) Indeed, Defendants counsel's false statements involving Mr. Sieff amount to hearsay and must be struck. Mr. Sieff is more than welcome to file a declaration in support of his personal conduct.

Similarly, Defendants continued false statements pose a threat to the integrity of this Court and implicate many other lawyers, and most importantly, law clerks of the District Court of Minnesota who witnessed Robins Kaplan partner Philip Sieff make those same statements over several years. Numerous law clerks from this Court were present when Mr. Sieff stated publicly that he "relapsed" and was struggling with drug addiction.

This is not the first time Defendants counsel have deliberately lied – without any evidence - to secure a favorable litigation outcome.

8

Rather, Defendants counsel has engaged in a similar pattern spanning years:

- Defendants counsel repeatedly lied about the original emails which were the basis for their motion for a preliminary injunction in 2020;

- Defendants counsel repeatedly lied regarding emails to the Court's chambers and fabricated an allegation, without evidence, that they had originated from Plaintiff;

A single "false affidavit statement may be a mistake.  A series of misrepresentations, particularly in the context of the pattern and timing of the events in this case, is conduct committed in bad faith to perpetuate fraud on the court. Severe sanctions are warranted." *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, 8:10CV365, at *44 (D. Neb. May 18, 2012).  *Clark v. United Parcel Serv., Inc.,* 460 F.3d 1004, 1007, 1010-11 (8th Cir. 2006) (affirming the district court's award of § 1927 sanctions where the attorney submitted unnecessarily voluminous filings in an attempt to "force the opposition to either yield to its position or be crushed under a great weight of misstated factual assertions . . .").

### III. Plaintiff Moves For Sanctions Where Defendants Counsel Know Their November 23, 2020 Injunction Cannot Apply To Mahesha Subbaraman And Philip Sieff

Mr. Subbaraman and Sieff have known Plaintiff for thirty-three (33) and ten (10) years respectively.  As it were, Mr. Subbaraman formed attorney-client privilege with Plaintiff during his tenure as an associate at Robins Kaplan.  This attorney-client privilege precludes Defendants counsel from falsely asserting that the injunction would somehow be used to gain an advantage from Mr. Subbaraman in the course of litigation.  Moreover, Mr. Subbaraman has not been an associate at Robins Kaplan since 2014 when his employment

was terminated. The conclusory allegations that the injunction applies to Mr. Subbaraman by nature of his past tenure at Robins Kaplan is reckless and best addressed with sanctions.

Similarly, Mr. Sieff has known Plaintiff for a period upwards of over ten years (10). The idea that the injunction would apply to Mr. Sieff's conduct prior to November 23, 2020 is outrageous particularly given his drug abuse.

## **CONCLUSION**

For the reasons above, Plaintiff respectfully requests this Court refer Defendants and their counsel to the state and federal Office of Professional Responsibility or assert any sanction the Court warrants as described above.

Dated: January 3, 2022
Saint Croix County, WI

　　　s/ Brock Fredin
　　　Brock Fredin
　　　Saint Croix County, WI 54002
　　　(612) 424-5512 (tel.)
　　　brockfredinlegal@icloud.com
　　　*Plaintiff, Pro Se*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Local Rule 7.1(f) because the document does not exceed 12,000 words. I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.43 in 13-point Times New Roman font for text and footnotes.

Dated: January 3, 2022

 

 

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: January 3, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

12