UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

               Plaintiff,

--against--   District Court Case No. 17-CV-3058 (SRN)

LINDSEY MIDDLECAMP,

               Defendants.


BROCK FREDIN,

               Plaintiff,

--against--   District Court Case No. 18-CV-466 (SRN)

GRACE MILLER,
CATHERINE SCHAEFER,

               Defendants.


BROCK FREDIN,

             Plaintiff,

--against--   District Court Case No. 20-CV-01929 (SRN)

JAMIE KREIL,

               Defendant.

**DECLARATION OF BROCK FREDIN**

STATE OF WISCONSIN              }
                                                     ss:
COUNTY OF SAINT CROIX          }

BROCK FREDIN, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned proceeding. I submit this declaration in support of my motion for sanctions and show cause response filed on January 3, 2022. For the reasons stated herein and within the memorandum of law in support of sanctions and response, I respectfully seek sanctions against Defendants and their counsel Robins Kaplan and Kutak Rock.

## AUTHENTICATION OF DOCUMENTS

2. Attached hereto as **Exhibit A** is a true and correct copy of summary screenshots of the iFunny.co Haynes Hansen "Ram Ranch" video dated January 2, 2022.

3. Attached hereto as **Exhibit B** is a true and correct copy of Mahesha Subbaraman emails to me dated March 10-12, 2013.

## PLAINTIFF BROCK FREDIN'S JANUARY 3, 2022 RESPONSE

4. The new videos and websites are not "substantially similar" because there is no pending litigation.

5. I did not publish the Haynes Hansen "Ram Ranch" video to https://ifunny.co/video/an-actual-youtube-ad-haynes-hansen-associate-at-robins-kaplan-ug3V3SaG8.

6. Moreover, I did not publish the Haynes Hansen "Ram Ranch" video to any new platform following the November 23, 2020 injunction. Furthermore, I did not direct any third party to publish the video to any platform including iFunny.co. I was not aware of the video or website until doing research on my most recent set of appellate briefs in this case.

7. Anne Lockner's statement that I "reposted" the video is knowingly false. (*See Fredin v. Kreil*, Lockner Decl. p. 3 ¶ 6, Dock. No. 154.)

8. I believe it's possible that Defendants posted the video or directed a third party to post the video to iFunny.co as yet another means to entrap me. (*See* Ex. A.)

9. I have known Mahesha Subbaraman for thirty-three (33) years. Mr. Subbaraman and I attended grade school together in Apple Valley/Burnsville, Minnesota. It must be said that Mr. Subbaraman and I grew up together in the same neighborhood. In 2013, I formed a brief attorney-client privilege with Mr. Subbaraman while he was working at Robins Kaplan with respect to a legal matter. (*See* Ex. B.) Ms. Lockner's statements that the videos about Mr. Subbaraman violate the November 23, 2020 injunction are false because Mr. Subbaraman could not have represented Defendants given his conflict with me. (*See Fredin v. Kreil*, Lockner Decl. p. 4 ¶ 19, Dock. No. 154.)

10. This same assertion raises the question how Robins Kaplan can represent Defendants when Robins Kaplan previously formed a brief attorney-client privilege with me through Mr. Subbaraman.

11. I have known Philip Sieff for upwards of ten (10) years.

12. I have personally witnessed Mr. Sieff state publicly that he "relapsed" with respect to an addictive drug.

13. Mr. Sieff made these statements at a location in Minneapolis, Minnesota.

14. Over the course of ten (10) years, I personally witnessed Mr. Sieff repeatedly state that he "relapsed" or make statements consistent with the same. At times, I recall Mr. Sieff state that he was "struggling" to remain sober given the stress incurred of litigation and his life as an attorney.

15. During these times, I distinctly recall several previous or current clerks from the District Court of Minnesota present. At times, I saw Mr. Sieff talking to these clerks/attorneys. Similarly, this includes then active clerks from the Eighth Circuit.

16. Additionally, I recall the sons of federal judges present when Mr. Sieff made statements consistent with "relapse" and struggling to remain sober.

17. I believe that Eric J. Magnuson is a current partner at Robins Kaplan and a former *very brief* Chief Justice of the Minnesota Supreme Court.

18. I do recall likely meeting Chief Justice Eric J. Magnuson. Chief Justice Magnuson and I were both present at Chief Justice Douglas K. Amdahl's funeral. I believe Chief Justice Magnuson may have escorted my sister Faith Amdahl during Chief Justice Amdahl's final burial process at Fort Snelling.

19. Given this conflict, the November 23, 2020 injunction could not apply to Robins Kaplan partner Philip Sieff or Chief Justice Eric J. Magnuson.

20. Similarly, the websites involving Eighth Circuit Judge David Stras do not violate the November 23, 2020 injunction. Judge Stras signed an *en banc* Order with respect to the same injunction.

## PLAINTIFF BROCK FREDIN'S JANUARY 3, 2022 SANCTIONS

21. As described above, Ms. Lockner's statements regarding the Haynes Hansen video "respost" are knowing false and best addressed with sanctions.

22. K. Jon Breyer filed a late supplemental brief or declaration stating that criticism involving his Tom Petters trustee representation with Doug Kelley was a violation of the November 23, 2020 injunction. This is false and best addressed with sanctions.

23. I was employed at Fingerhut's holding company, Blue Stem Brands, on the payments team, as a software developer, during portions of the bankruptcy.[1] I personally built the sign-on button for Fingerhut.com and several payment features (including two factor authentication) for their new platform to save it from the likes of K. Jon Breyer's greedy litigation

---

[1] *See* linkedin.com/in/brockfredin/

3

that starved the company of cash flow and resource. I held a 401k and may have held financial interests in the company that was being looted by K. Jon Breyer and his team. The injunction does not preclude me from criticizing K. Jon Breyer's corrupt litigation practice with respect to his representation tied to a company where I previously worked.

24. I am requesting that Defendants and their counsel Robins Kaplan and Kutak Rock be referred to the state and federal Office of Professional Responsibility.

Dated: January 3, 2022
Saint Croix County, WI

s/ Brock Fredin
Brock Fredin
Saint Croix County, WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*







An actual youtube ad — Haynes Hansen Associate at Robins ...

1:26  PREVIEW

iFunny
Jan 2, 2021

# B

**Mahesha Subbaraman** has sent you a message

Date: 3/12/2013

Subject: Thanks for Coming out to Downtown for Lunch

Hey Brock -- It was good having lunch with you today. I'm glad to see that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and I much appreciated our discussion on a variety of subjects. Hope we can do it again in the future!

Best,

Mahesha

**Mahesha** Subbaraman has sent you a message.
**Date:** 3/10/2018
**Subject:** RE: hey oh

Hey Brock,

Lunch this week sounds like a great idea!

I'm free on Tuesday and Thursday (say Noon?).

Do either of those days work for you?

Also, in terms of location, any place in downtown Minneapolis works for me -- I'm a big fan of ███████ ███████ Capital Grille, and Atlas Grill.

Best,

Mahesha