# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

BROCK FREDIN,

                Plaintiff,

  --against--

LINDSEY MIDDLECAMP,

                Defendants.

District Court Case No.  17-CV-3058 (SRN)

---

BROCK FREDIN,

                Plaintiff,

  --against--

GRACE MILLER,
CATHERINE SCHAEFER,

                Defendants.

District Court Case No.  18-CV-466 (SRN)

---

BROCK FREDIN,

                Plaintiff,

  --against--

JAMIE KREIL,

                Defendant.

District Court Case No.  20-CV-01929 (SRN)

---

## PLAINTIFF'S SHOW CAUSE RESPONSE

## RESPONSE

Plaintiff Brock Fredin ("Plaintiff") respectfully responds to Defendants December 16, 2021 show cause motion requesting relief that Plaintiff be fined and held in contempt. [*Fredin v. Kreil*, Dock No. 153].

1.  Defendants admit that Plaintiff has not published these videos to gain an advantage in the litigation, to obtain a favorable settlement or to try to pressure the Court to issue decisions in his favor - the entire impetus of the Court's injunction. [*Fredin v. Kreil*, Dock No. 39 ("Injunction")]. Rather, Defendants only gripe with Plaintiff's published videos is their allegation that they contain "false" information. (*See Fredin v. Kreil*, Lockner Decl. ¶ 11, Dock. No. 154.)

2.  Defendants have failed and offer no evidence that Plaintiff "willfully" failed to follow the Injunction. Defendants do not even make an accusation that Plaintiff had the requisite intent. *Id.* The Injunction requires that Plaintiff had "intent" to "pressure" "Defendants" or the "Court" into favorable terms.

3.  The November 23, 2020 Injunction bars "substantially similar" websites or videos. [*Fredin v. Kreil*, Dock No. 39]. Strikingly, Defendants concede the cases are closed and Plaintiff did not have any pleadings before the Court. The new videos or websites could not have been used to "pressure" Defendants based on closed litigation. *Id.* ¶ 6. Similarly, Plaintiff could not have used the new websites or videos to "pressure" the "Court" because there was simply no active case or pleading before the Court. *Id.* ¶ 18.

4.  Furthermore, Defendants offer no evidence that Plaintiff attempted in any way to "pressure" them into a favorable settlement. Plaintiff has never contacted or published any content which would be used for such purpose. [*Fredin v. Kreil*, Dock No. 153].

5.  Defendants allege that videos about Mahesha Subbaraman are a violation of the November 23, 2020 injunction. [*Fredin v. Kreil*, Dock No. 153 p. 4 ¶ 19]. Specifically, the

Injunction bars "websites and videos that target Defendants' counsel". [*Fredin v. Kreil*, Dock No. 39; ¶ 28 (A)]. Plaintiff has known Mr. Subbaraman for thirty-three (33) years. Mr. Subbaraman went to grade school with Plaintiff. Mr. Subbaraman is not an attorney at Robins Kaplan. During his very very short tenure at Robins Kaplan before he was likely terminated in 2014, Mr. Subbaraman formed an attorney-client privilege with Plaintiff when discussing a potential legal matter. Based on this potential conflict of interest with Plaintiff, Mr. Subbaraman could not be a "counsel" for Defendants. *Id.* If the Court would like to make findings that the Injunction covers Plaintiff's grade school classmates, Plaintiff would like an opportunity to file a motion to vacate the Injunction based on the attorney-client privilege he formed with Mr. Subbaraman and Robins Kaplan in 2013 or 2014.

6.      Similarly, Defendants allege that videos about Philip Sieff are a violation of the Injunction. Plaintiff has known Mr. Sieff for over ten (10) years. [*Fredin v. Kreil*, Dock No. 153 p. 3 ¶ 10]. Based on this potential conflict of interest with Plaintiff, Mr. Sieff could not be a "counsel" for Defendants. [*Fredin v. Kreil*, Dock No. 39; ¶ 28 (A)]. Moreover, Anne Lockner claims that the statements accusing Mr. Sieff of "drug abuse" are "false". [*Fredin v. Kreil*, Dock No. 153 p. 3 ¶ 11]. Plaintiff filed a declaration stating that he personally heard Mr. Sieff regularly state in public that he "relapsed" and was "struggling" at times with his drug addiction. At those times, previous clerks from the District Court of Minnesota were present with Plaintiff when those statements were repeatedly made over a ten (10) year period. Similarly, this includes clerks who were actively clerking on the Eighth Circuit Court of Appeals when Mr. Sieff made those statements in public. Ms. Lockner's allegation that Plaintiff's accusations of Mr. Sieff's "drug abuse" are "false" flies in the face of the truth that Plaintiff and many clerks personally witnessed over a ten (10) year period. *Id.* Ms. Lockner's statements are not only hearsay but must be immediately sanctioned and struck.

7.      Defendants falsely state that Plaintiff "reposted" the Haynes Hansen Ram Ranch video to a "different platform".   (*See Fredin v. Kreil*, Lockner Decl. ¶ 11, Dock. No. 154 p. 3 ¶ 6.)  Plaintiff did not post the Haynes Hansen video or direct anyone to post the video.  (*See Fredin v. Kreil*, January 3, 2022 Fredin Decl.)  Defendants likely posted the video to iFunny.co or directed their own third parties in an effort to falsely claim that Plaintiff violated the Injunction.  The username "ORION" is associated with the post.  If it was not Defendants, it may well be an anonymous third party who posted the video.  Defendants false statements and admissions of "fabricating" evidence appear to have no end and must be sanctioned. (*See Fredin v. Kreil*, January 3, 2022 Fredin Mot. Sanc.)

8.      Defendants fail to allege or offer any evidence that Plaintiff posted any previous video or website content originally bared by the Injunction.

9.      Furthermore, Plaintiff asserts First Amendment protection to any new video or website created.

10.      Defendants contend that videos or websites about Your honor violate the Injunction.  (*See Fredin v. Kreil*, Lockner Decl. ¶ 11, Dock. No. 154 p. 2 ¶ 3.)  This is false and sanctionable.  *See In re Murchison*, 349 U.S. 133, 136 (1955) (holding no judge "can be a judge in h[er] own case [or be] permitted to try cases where [s]he has an interest in the outcome").

11.      Plaintiff requests sanctions asserted against Defendants for filing their January 3, 2022 supplemental brief at the last minute in further efforts to preclude Plaintiff from having a reasonable opportunity to respond.  Defendants and their counsel should not be allowed to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Urban v. Sells*, No. C14-4025-MWB, at *25 (N.D. Iowa Aug. 1, 2014).

3

12.     Just so the Court knows, the Court and Defendants including their counsel are engaging in patently evil conduct.

## **CONCLUSION**

For the reasons above, Plaintiff respectfully requests this Court deny Defendants show cause request as described above.

Dated: January 3, 2022
Saint Croix County, WI

 s/ Brock Fredin
Brock Fredin
Saint Croix County, WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

4

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Local Rule 7.1(f) because document contains 4009 words.  I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.43 in 13-point Times New Roman font for text and footnotes.

Dated: January 3, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, I electronically filed the foregoing with the

Clerk of the District of Minnesota by using the CM/ECF system. The following participants

in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: January 3, 2022


                                                    s/ Brock Fredin
                                                    Brock Fredin
                                                    (tel.) 612-424-5512
                                                    brockfredinlegal@icloud.com
                                                    *Plaintiff, Pro Se*