# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

              Plaintiff,

    --against--

LINDSEY MIDDLECAMP,

              Defendants.

District Court Case No.  17-CV-3058 (SRN)

---

BROCK FREDIN,

              Plaintiff,

    --against--

GRACE MILLER,
CATHERINE SCHAEFER,

              Defendants.

District Court Case No.  18-CV-466 (SRN)

---

BROCK FREDIN,

              Plaintiff,

    --against--

JAMIE KREIL,

              Defendant.

District Court Case No.  20-CV-01929 (SRN)

---

## PLAINTIFF'S CORRECTED MEMORANDUM IN SUPPORT OF DISQUALIFYING ROBINS KAPLAN

Plaintiff Brock Fredin ("Plaintiff") respectfully submits this memorandum in support of disqualifying Robins Kaplan.

## **INTRODUCTION**

Anne Lockner has committed the most despicable act of her career. Ms. Lockner has violated her firm's duty to Plaintiff – sharing Plaintiff's confidential attorney-client level communications regarding this set of cases – to an adverse client(s), Defendants. Ms. Lockner no doubt did this to abuse her relationship with the Court to procure a blatantly illegitimate and unconstitutional injunction to silence Plaintiff from speaking about unethical attorney misconduct.

On January 10, 2021, Robins Kaplan executive committee partner Anne Lockner filed her notice of appearance in *Fredin v. Kreil.* [*Fredin v. Kreil*, Dock. No. 5.] In 2017, however, Plaintiff carried out discussions about this set of cases, including confidential attorney-client level information, to multiple Robins Kaplan partners and associates including Philip Sieff and Adam Kohnstamm. This includes Plaintiff sharing very detailed conversations about Defendant Lindsey Middlecamp, Schaefer, and Miller with Robins Kaplan. These conversations occurred between Mr. Sieff and Plaintiff through email and in a personal setting that both Mr. Sieff and Plaintiff have attended together for many years.

In addition to this, Plaintiff previously had an attorney-client level relationship with Robins Kaplan through former associate Mahesha Subbaraman involving a separate intellectual property matter. [*Fredin v. Kreil, Dock. No. 182, p. 2 ¶ 10.*]

As a result, Plaintiff seeks to disqualify Robins Kaplan and requests that the Court sanction Robins Kaplan. Plaintiff respectfully requests that the Court vacate any motion

filed by Robins Kaplan.  At a minimum, Plaintiff respectfully requests that the Court vacate the November 23, 2020 injunction on the basis of violations of Minnesota Rules of Professional Conduct Rules 1.18, 1.6, 1.7, 1.8, and 1.9.

## **RELEVANT FACTS**

As described above, Plaintiff has records informing the Court of his previous attorney-client privileged conversations with Robins Kaplan involving *Fredin v. Middlecamp*.  (*See Fredin v. Kreil*, January 14, 2022 Fredin Decl.)

In those emails, Plaintiff spoke to Robins Kaplan – through Robins Kaplan corporate email – to partner Philip Sieff and then associate Adam Kohnstamm.  *Id.*  On August 17, 2017 Mr. Sieff emailed Plaintiff.  *Id*   Mr. Sieff used the email PSieff@robinskaplan.com.  Plaintiff used an email address brockf12@gmail.com.  *Id*

Similarly, prior to these emails, Plaintiff carried out very detailed in-person conversations with Mr. Sieff about Defendant Middlecamp, Schaefer, and Miller.  These conversations took place in a private religious setting in Minneapolis between 2016-2018.  *Id*

Unfortunately, Plaintiff alleges that Robins Kaplan shared these conversations with Defendants or used Plaintiff's attorney-client communications with Defendants to further their abusive litigation strategy against Plaintiff.  *Id;* [*Fredin v. Kreil*, Dock. No. 154 p. 3. ¶ 12.]   Similarly, Plaintiff had an existing 2013 confidential attorney-client communication-based relationship vis-à-vis Mr. Subbaraman, a former associate at Robins Kaplan.  [*Fredin v. Kreil*, Dock. No. 182.]

To the extent that Ms. Lockner would attempt to double-down on her blatant lies to the Court, Plaintiff informs the Court that numerous witnesses were present and observed Mr. Sieff and Plaintiff together in the same private religious setting multiple times where these conversations took place.  (*See Fredin v. Kreil*, January 14, 2022 Fredin Decl.)  This includes Dorsey and Whitney partner, Steven Nyberg, former clerk to Chief Judge Donald Alsop, Edwin Chanin, clerk to Chief Judge John R. Tunheim and clerk to Eighth Circuit Judge Diane E. Murphy, Caitlinrose H. Fisher.  This also includes Benjamin Kressel, son of Minnesota District Court Bankruptcy Judge Robert Kressel.  This may also include Plaintiff's previous attorney, Barry Edwards, son of former Oklahoma Congressman Mickey Edwards, and clerk to Hennepin County District Court Judge Gary Larson and Diana Eagon.  *Id.*

## GOVERNING STANDARD

Attorney disqualification is committed to the discretion of the court.  *Jenkins v. State of Missouri, 931 F.2d 470, 484 (8th Cir. 1991).*  "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial."  *Gifford v. Target Corp.*, 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) (citation omitted).  Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to ensure the integrity of the judicial proceedings."  *Id.* at 1116-17 (citation omitted)  Motions to disqualify are "subjected to particularly strict scrutiny" because of their potential for abuse by opposing counsel.  *Olson v. Snap Prods., Inc.,* 183 F.R.D. 539, 541-42 (D. Minn. 1998). However, "any legitimate doubts . . . must be resolved in favor of disqualification."  *Id*. at 542  (*citing  Coffelt v. Shell,* 577 F.2d 30, 32 (8th Cir.

1978)).  The conduct of attorneys practicing in the District of Minnesota is governed by the Minnesota Rules of Professional Conduct.  D. Minn. L.R. 83.6(d).

## **ARGUMENT**

I.  **Plaintiff Contends He Invoked Minn. R. Prof. Cond. Rule 1.18 And 1.9 Invoking Confidential Attorney-Client Privilege With Robins Kaplan Involving Substantially Related Matters**

Minn. R. Prof. Cond. Rule 1.18 (a) states that a "person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client."  Lawyers may not reveal oral or written communications with clients that clients reasonably expect to remain private.  This is formalized by Minn. R. Prof. Cond. Rule 1.18 (b) which states that the lawyer "shall not use or reveal information learned in the consultation."

Indeed, even Robins Kaplan "notes" involving Plaintiff's "initial client interview" are "documents [that are] protected by the attorney-client privilege."  *Stueve Siegel Hanson Woody LLP v. N.W. Mutual Life Ins. Co.*, No. 05-9064-MC-W-SOW, at *5 (W.D. Mo. Sep. 29, 2005).  Nonetheless, Plaintiff's allegations go beyond simple initial consultations.  Rather, they indicate that Plaintiff had deeper in-person discussions with Mr. Sieff and his associates in 2017.  (*See Fredin v. Kreil*, January 14, 2022 Fredin Decl.)

Ms. Lockner admits to using Plaintiff's attorney-client privilege in defense of her current client.  [*Fredin v. Kreil*, Dock. No. 154 p. 3. ¶ 12.]  Ms. Lockner filed a declaration naming Philip Sieff.  *Id.*  At the time, Ms. Lockner knew or had information containing specific factual elements supporting a fully formed confidential attorney-client privilege between Mr. Sieff and Plaintiff – through Robins Kaplan - substantially related to these

matters. Plaintiff's attorney-client privilege and Ms. Lockner's violation is only bolstered when the accusations by Ms. Lockner involving Mr. Subberaman is taken into account considering that Mr. Subberaman had formed an attorney-client privilege – through Robins Kaplan – with Plaintiff in 2013. [*Fredin v. Kreil, Dock. No. 182.*]

Furthermore, when "an attorney is prohibited from representing a client because he obtained information from a prospective client, no member of his firm can represent the client." *Robertson v. Astrazeneca Pharmeceuticals, LP*, CIVIL ACTION NO: 15-438 SECTION: J(2), at *8 (E.D. La. Sep. 30, 2015). If this is true, Ms. Lockner is prohibited form representing Defendant Kreil in this matter.

The "party asserting the attorney-client privilege has the burden to provide a factual basis for the privilege or protection." *Burke v. Messerli Kramer, P.A.*, CIVIL No. 09-1630 (ADM/AJB), at *5 (D. Minn. June 14, 2010) (internal citations omitted).

To the extent that a more mature attorney-client relationship was formed on the basis of Plaintiff's in-person communications with Mr. Sieff, it would reasonably point to a violation of Minn. R. Prof. Cond. Rule 1.9. If a "court finds a violation of Rule 1.9 (a), attorney disqualification is required." *State v. 3M Co.*, 845 N.W.2d 808, 811 (Minn. 2014). Rule 1.9 (a) may be violated when the attorneys current representation involves a "substantially related matter to that of a former client." *State ex rel. McClanahan v. Hamilton,* 189 W.Va. 290, 430 S.E.2d 569, 572–73 (1993). Maintaining confidential "attorney-client communications is fundamental to the attorney-client relationship." *In re Charges Unprofessional Conduct in Panel File No. 41310*, 899 N.W.2d 821, 826 (Minn. 2017) (citations omitted).

6

The "facts of the situation" involving Robins Kaplan's attorney-client privilege formed with Plaintiff "quoted extensively from [the attorneys] e-mail" clearly showed that Robins Kaplan "violated Minn. R. Prof. Conduct 1.9 (c)(2)." *In re Charges Unprofessional Conduct in Panel File No. 41310*, 899 N.W.2d 821, 827 (Minn. 2017).

## II.   Plaintiff Moves For Sanctions And Requests The November 23, 2020 Injunction Be Vacated As A Consequence For Anne Lockner And Robins Kaplan Minnesota Professional Responsibility Rule Violations

Pursuant to both Federal Rules of Civil Procedure Rule 60 and the inherent power of this Court to enter sanctions, Plaintiff respectfully requests that the Court vacate the November 23, 2020 injunction to correct the intentional errors committed by Defendants counsel. [*Fredin v. Kreil,* Dock. No. 39.]

> "Despite the court's inability to award sanctions pursuant to Rule 60 (b)(3), the court possesses the inherent power to sanction a party who acts `in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ty Inc. v. Softbelly's Inc*., 2005 WL 326974, *6-7 (N.D. Ill. Feb. 9, 2005) (quoting *Chambers v. NASCO, Inc.,*501 U.S. 32, 45-46 (1991)).

*Synergetics, Inc. v. Hurst*, No. 4:04CV318 CDP, at *18 (E.D. Mo. Aug. 21, 2007). Motions "to vacate orders … are addressed to the discretion of the trial court and are intended to call its attention to errors allegedly committed by it and to afford an opportunity for their correction." *Metal Fabricators, Inc. v. Granite City Steel*, 357 F.2d 175 (8th Cir. 1966) (internal citations omitted). *See also* U.S. Constitution Article III, Section 1 (Inherent Powers of Federal Courts: Contempt And Sanctions).

Ms. Lockner's filing for her November 23, 20220 injunction in concert with K. Jon Breyer belies the fact that Ms. Lockner was abusing her firm's confidential attorney-client with Plaintiff to silence unethical attorney misconduct. [*Fredin v. Kreil*, Dock. No. 39.]

Plaintiff respectfully requests that this Court issue any sanction that it warrants asserted against Defendants or their counsels.[1]  To the extent that Mr. Breyer or Adam C. Ballinger maintained knowledge of this violation, Plaintiff respectfully requests that the Court include Mr. Breyer and Ballinger in sanctions.

## **CONCLUSION**

For the reasons above, Plaintiff respectfully requests this Court disqualify and sanction Defendants and their attorneys Anne Lockner, Philip Sieff, J. Haynes Hansen, and Charlie Gokey.  This includes asserting sanctions against Robins Kaplan LLP.

Dated: January 14, 2022
Saint Croix County, WI

  s/ Brock Fredin
  Brock Fredin
  612-424-5512 (tel.)
  Saint Croix County, WI 54002
  brockfredinlegal@icloud.com
  *Plaintiff, Pro Se*

---

[1] Plaintiff requests that Ms. Lockner and Mr. Sieff be referred to the Office of Lawyers Professional Responsibility.

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the word limit of Local Rule 7.1(f) because the document does not exceed 12,000 words.   I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.43 in 13-point Times New Roman font for text and footnotes.

Dated: January 14, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: January 14, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*