# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

                Plaintiff,

    --against--

LINDSEY MIDDLECAMP,

                Defendants.

District Court Case No.  17-CV-3058 (SRN)

---

BROCK FREDIN,

                Plaintiff,

    --against--

GRACE MILLER,
CATHERINE SCHAEFER,

                Defendants.

District Court Case No.  18-CV-466 (SRN)

---

BROCK FREDIN,

                Plaintiff,

    --against--

JAMIE KREIL,

                Defendant.

District Court Case No.  20-CV-01929 (SRN)

---

## CORRECTED DECLARATION OF BROCK FREDIN

STATE OF WISCONSIN            }
                             ss:
COUNTY OF SAINT CROIX        }

BROCK FREDIN, being duly sworn, deposes and says:

1.      I am the Plaintiff in the above-captioned proceeding.  I submit this declaration in support of my motion to disqualify Robins Kaplan filed on January 14, 2022.  For the reasons stated herein and within the memorandum of law in support of disqualification, I respectfully seek to disqualify and sanction Robins Kaplan including Anne Lockner, J. Haynes Hansen, Philip Sieff, and Charlie Gokey.

## **AUTHENTICATION OF DOCUMENTS**

2.      Attached hereto as **Exhibit A** is a true and correct copy of emails between Robins Kaplan partner Philip Sieff and Brock Fredin dated August 17, 2021.

3.      Attached hereto as **Exhibit B** is a true and correct copy of emails between Robins Kaplan then associate Adam Kohnstamm and Brock Fredin dated August 1, 2017.

## **PLAINTIFF BROCK FREDIN'S JANUARY 14, 2022 DISQUALIFICATION DECLARATION**

4.      In 2017, I obtained attorney-client privilege with Robins Kaplan partner Philip Sieff.

5.      In 2017, I discussed the case captioned *Fredin v. Middlecamp*, Case No. 17-CV-3058 ("*Fredin v. Middlecamp*") with Mr. Sieff.

6.      Between June and August 2017, I discussed *Fredin v. Middlecamp* in-person with Mr. Sieff at a weekly religious venue located in Minneapolis.

7.      On August 17, 2017, I discussed *Fredin v. Middlecamp* over email with Mr. Sieff. (*See* Ex. A.)

8.      On August 1, 2017, I discussed these cases with Robins Kaplan associates Adam M. Kohnstamm and Sarah E. Friedricks over email.  (*See* Ex. B.)

9.      In that email, I sent a Microsoft Word version of the *Fredin v. Middlecamp* Complaint and a motion to dismiss involving *Middlecamp v. Fredin*, Case No. 62-HR-CV-17-233, Ramsey County District Court to Mr. Sieff.

10.     Additionally, I believe that I discussed similar allegations involving Defendant Miller and Schaefer with Mr. Sieff.

11.     In discussions with Mr. Sieff, I disclosed facts that Robins Kaplan used against me in *Fredin v. Kreil*.

12.     Specifically, I discussed my overarching legal strategy including extensive communications with Mr. Sieff about the legality of publishing websites containing critical information about Defendant Middlecamp, Miller, and state/federal officials which Robins Kaplan are now using against me to obtain an injunction.

13.     Because I've discussed these legalities with Mr. Sieff, Robins Kaplan knew where to look for the websites and how to identify my anonymous posts.

14.     Specifically, I disclosed (a) my overarching legal strategy that Robins Kaplan is using against me to paint me as a vexatious litigant;  and (b)  that Robins Kaplan knew where to find my anonymous websites and videos, even encouraging me based on their legal advice, and used it against me to make it appear as if I was trying to disrupt the judicial process.

15.     In discussions with Mr. Sieff, I disclosed confidential information about my finances and mental health as a result of Defendant Lindsey Middlecamp's allegations originating from Defendant Kreil which Robins Kaplan have used against me asking for exorbitant sanctions, monetary penalties, and alluded to my mental health.

2

16.     Because of these privileged communications, Robins Kaplan were aware of and even promoted my legal strategy of being publicly critical of Defendants, their counsels, and the courts, which Robins Kaplan have used against me to make it appear as if I was trying to improperly influence the present Court proceeding.

17.     In discussing my legal strategy with Mr. Sieff and Robins Kaplan, I extensively discussed my civil and criminal legal strategy with Mr. Sieff, including the filing of civil lawsuits and criminal defense strategy, which both Robins Kaplan and Kutak Rock used against me in particular to paint me as a vexatious litigant.

18.     In discussing my legal strategy with Mr. Sieff, I disclosed confidential communications concerning my previous attorney Barry S. Edwards and Halberg Defense.

19.     I discussed the legality of publishing websites about Defendant Middlecamp, Miller, and Court officials.

20.     Because Mr. Sieff lives in Saint Louis Park, Minnesota, I recall discussing the fact that Defendant Lindsey Middlecamp had made a false allegation from an anonymous source which otherwise identified the Saint Louis Park Police department.

21.     I now believe that anonymous source is Defendant Jamie Kreil.

22.     Robins Kaplan currently represents Defendant Jamie Kreil consistent with the same false allegations.

23.     I believe that these discussions with Mr. Sieff and Robins Kaplan further create a client conflict with Robins Kaplan's current representation of Defendant Jamie Kreil.

24.     In discussions with Mr. Sieff, I vaguely recall mentioning that I had contacted the Saint Louis Park Police Department where they did not have records associated with Ms. Middlecamp's false allegation originating from Defendant Jamie Kreil which Robins Kaplan now represents.

3

25.     In email discussions with Mr. Sieff, I identified allegations consistent with these statements involving the Saint Louis Park Police department when sending the *Fredin v. Middlecamp* Complaint to Mr. Sieff.  (*See* Ex. A.)

26.     Between June and July 2017, at the times where I discussed these statements with Mr. Sieff in-person, including Ms. Middlecamp's false allegation originating from Defendant Jamie Kreil, which Robins Kaplan now represents, I witnessed numerous other lawyers regularly present in the same room.

27.      In that room, I regularly recall attorneys Edwin Chanin, Caitlinrose H. Fisher, and Steven Nyberg present.

28.     In that room, at the close of at least one if not more weekly events, I do vaguely recall Mr. Chanin, Mr. Sieff, and I discussing these same statements consistent with Robins Kaplan's current representation of Defendant Jamie Kreil as it relates to *Middlecamp v. Fredin*.

Dated: January 14, 2022
Saint Croix County, WI

 s/ Brock Fredin
Brock Fredin
Saint Croix County, WI 54002
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*



 Gmail

**Brock F <brockf12@gmail.com>**

████████████████████

**Brock F** <brockf12@gmail.com>                                    Thu, Aug 17, 2017 at 12:52 AM
To: psieff@robinskaplan.com



**Fredin Memorandum of Law.docx**
36K

**FREDIN.COMPLAINT (3).docx**
387K

 Gmail

**Brock F <brockf12@gmail.com>**

---

████████████████████████

**Sieff, Philip L.** <PSieff@robinskaplan.com>         Thu, Aug 17, 2017 at 10:47 AM
To: Brock F <brockf12@gmail.com>

Brock



Phil

Philip Sieff - Partner

**Robins Kaplan LLP**

800 LaSalle Avenue | 2800 LaSalle Plaza | Minneapolis, MN 55402

Direct 612.349.0106 | Fax 612.339.4181 | **PSieff@robinskaplan.com** | RobinsKaplan.com

Bio: Click Link

[Quoted text hidden]

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

---

# B

 Gmail                                                    **Brock F <brockf12@gmail.com>**

---

**Kohnstamm, Adam M.** <AKohnstamm@robinskaplan.com>                    Tue, Aug 1, 2017 at 3:02 PM
To: Brock F <brockf12@gmail.com>
Cc: "Friedricks, Sarah E." <SFriedricks@robinskaplan.com>

Mr. Fredin,



Adam Kohnstamm
[Quoted text hidden]

---

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins Kaplan LLP
http://www.robinskaplan.com

---