# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

                Plaintiff,

--against--                    District Court Case No. 17-CV-3058 (SRN)

LINDSEY MIDDLECAMP,

                Defendants.

---

BROCK FREDIN,

                Plaintiff,

--against--                    District Court Case No. 18-CV-466 (SRN)

GRACE MILLER,
CATHERINE SCHAEFER,

                Defendants.

---

BROCK FREDIN,

                Plaintiff,

--against--                  District Court Case No. 20-CV-01929 (SRN)

JAMIE KREIL,

                  Defendant.

# MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO STAY DEFENDANTS DECEMBER 16, 2021 CONTEMPT MOTION PENDING UNTIL PLAINTIFF'S JANUARY 14, 2022 DISQUALIFICATION MOTION IS DECIDED

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS ....................................................................................1

STANDARD OF REVIEW ....................................................................................1

ARGUMENT ..........................................................................................................2

    I.   PLAINTIFF MAINTAINED AN ATTORNEY-CLIENT PRIVILIEGE WITH ROBINS KAPLAN STEMMING FROM IDENTICAL PROCEEDINGS WHERE PLAINTIFF DISCLOSED CONFIDENTIAL COMMUNICATION ....2

    II.   PLAINTIFF SHOWS GOOD CAUSE AND MEETS THE DATAPHASE ELEMENTS REQUIRING A STAY ........................................................................3

CONCLUSION .......................................................................................................5

BROCK FREDIN ...................................................................................................5

CERTIFICATE OF COMPLIANCE ......................................................................6

CERTIFICATE OF SERVICE................................................................................7

## INTRODUCTION

Plaintiff Brock Fredin ("Plaintiff") respectfully requests that the Court issue an emergency stay of Defendants December 16, 2021 contempt motion and its associated briefing Order, including its related proceedings in this case, pending resolution of Plaintiff's January 14, 2022 disqualification motion. [*Fredin v. Kreil*, Dock. No. 187; 189.] Plaintiff moves for this relief pursuant to Fed. R. Civ. P. Rule 62 or related to the Court's broad discretion. Plaintiff requests that this stay include, but not be limited to, a suspension of Defendants January 18, 2022 response in opposition, all show cause related motions, and of the deadlines for filing further pleadings.

Furthermore, despite a clear conflict existing stemming from Plaintiff's confidential attorney-client relationship with Robins Kaplan, Robins Kaplan pressed forward with its misconduct and filed its brief in opposition to sanctions. [*Fredin v. Kreil*, Dock. No. 190.] In doing so, Robins Kaplan openly admits to violating Plaintiff's attorney-client privilege. As a result, Plaintiff respectfully requests immediate sanctions asserted against Robins Kaplan for continuing and knowingly violating Plaintiff's sacred attorney-client privilege with Robins Kaplan which the firm is using to inflict harm on Plaintiff.

## STATEMENT OF FACTS

Plaintiff incorporates facts from his memorandums and declarations at this litigation stage as a recitation of the pertinent facts related to this memorandum. [*Fredin v. Kreil*, Dock. No. 182; 181; 189.]

## STANDARD OF REVIEW

This Court considers the following four (4) factors in determining whether a stay is warranted: (1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Iowa Utilities Board v. Federal Comm. Commn*, 109 F.3d 418, 423 (8th Cir. 1996). *See also Arkansas Peace Ctr. v. Dep't of Pollution Control,* 992 F.2d 145, 147 (8th Cir. 1993).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)

"Both parties could incur unnecessary litigation fees and expenses if a stay is not granted." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818 (D. Minn. 2016).

## ARGUMENT

First, Plaintiff maintained an attorney-client privilege with Robins Kaplan stemming from the same proceedings. Plaintiff disclosed information related to identical cases that conflicts with its current representation of Defendant Kreil. Second, Plaintiff shows good cause and meets the four (4) *Dataphase* elements requiring a stay.

I. **PLAINTIFF MAINTAINED AN ATTORNEY-CLIENT PRIVILIEGE WITH ROBINS KAPLAN STEMMING FROM IDENTICAL PROCEEDINGS WHERE PLAINTIFF DISCLOSED CONFIDENTIAL**

2

**COMMUNICATION**

As described in his motion to disqualify Robins Kaplan, Robins Kaplan engaged in misconduct by knowingly representing Defendant Kreil *pro bono* after they had an attorney-client relationship with Plaintiff. Plaintiff disclosed facts to Robins Kaplan that Robins Kaplan used against Plaintiff in this case. [*Fredin v. Kreil*, Dock. No. 187; 189.]

The attorney-client privilege is sacrosanct. It is the "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

The "rules of professional conduct prohibit an attorney from disclosing a client's confidences." *State v. Smith*, No. A10-272, at *5-6 (Minn. Ct. App. Dec. 28, 2010); *See* also Minn. R. Prof. Conduct 1.6(a). *Swidler Berlin v. United States*, 524 U.S. 399 (1998) (Holding that even an attorney's "notes of an initial interview with a client … are protected by the attorney-client privilege" even after the client's death.)

**II.     PLAINTIFF SHOWS GOOD CAUSE AND MEETS THE DATAPHASE ELEMENTS REQUIRING A STAY**

A "district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006); *See* also *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016). A stay maintains substantial overlap between the factors used to determine preliminary injunction relief. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

This Court considers the following four (4) factors in determining whether a stay is warranted: (1) the probability that the movant will succeed on the merits; (2) the threat of

3

irreparable harm to the movant; (3) the balance between this harm and the injury that an injunction would inflict on other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). *See* also *Powerlift Door Consultants, Inc. v. Shepard*, No. 21-cv-1316 (WMW/ECW), at *3 (D. Minn. July 12, 2021)

> The moving party need not "prove a greater than fifty per cent likelihood that [it] will prevail on the merits," *Dataphase*, 640 F.2d at 113, but rather must demonstrate a "fair chance of prevailing," *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir.2008).

*See also Minnesota Vikings Football Stadium, LLC v. Wells Fargo Bank*, 157 F. Supp. 3d 834, 841-42 (D. Minn. 2016).

First, for all the reasons discussed above, Plaintiff unquestionably will succeed on the merits that Robins Kaplan engaged in misconduct by disclosing Plaintiff's confidential attorney client information against him. The Court can treat Robins Kaplan "improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and [] for a [] trial in which the protected material and its fruits are excluded from evidence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 101 (2009).

Second, for all of the reasons discussed above, Plaintiff unquestionably will suffer an irreparable injury if he is required to litigate Defendants contempt motion in the face of Robins Kaplan knowingly representing Defendant Kreil *pro bono* after they had an attorney-client relationship with Plaintiff. This includes Robins Kaplan compromising and disclosing Plaintiff's attorney-client privilege to disclose his confidential communication to Defendant Middlecamp, Miller, and Schaefer.

Third, Defendants will not suffer injury – much less a substantial injury – if this Court stays its contempt motion pending resolution of a disqualification motion to protect

4

Plaintiff's attorney-client relationship. Defendants are not complaining of injury. Rather, Defendants counsel, Robins Kaplan, are non-parties complaining of injury stemming from Plaintiff's confidential attorney-client privilege with the firm.

Fourth, the public interest supports a stay. The Supreme Court expressly has noted that the attorney-client privilege protects disclosure of communication. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

## CONCLUSION

For the reasons above, Plaintiff respectfully requests this Court issue an emergency stay as described above.

Dated: January 18, 2022
Saint Croix County, WI

                                       s/ Brock Fredin
                                       Brock Fredin
                                       Saint Croix County, WI 54002
                                       (612) 424-5512 (tel.)
                                       brockfredinlegal@icloud.com
                                       *Plaintiff, Pro Se*

## **CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Local Rule 7.1(f) because document contains 4647 words. I certify that this brief complies with the typeface requirements of the Court and Local Rule 72.2(c) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 16.43 in 13-point Times New Roman font for text and footnotes.

Dated: January 18, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants Middlecamp, Miller, and Schaefer*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Dated: January 18, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*