# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

             Plaintiff,

--against--

LINDSEY MIDDLECAMP,

             Defendants.

District Court Case No. 17-CV-3058 (SRN)

---

BROCK FREDIN,

             Plaintiff,

--against--

GRACE MILLER,
CATHERINE SCHAEFER,

             Defendants.

District Court Case No. 18-CV-466 (SRN)

---

BROCK FREDIN,

             Plaintiff,

--against--

JAMIE KREIL,

             Defendant.

District Court Case No. 20-CV-01929 (SRN)

**PLAINTIFF'S REPLY AND RESPONSE TO DEFENDANTS JANUARY 18, 2022 MEMORANDUM IN OPPOSITION AND CROSS MOTION TO SEAL AND PRECLUDE FURTHER FILINGS AND SUPPLEMENTAL RESPONSE TO DEFENDANTS DECEMBER 16, 2021 SHOW CAUSE**

## INTRODUCTION

Plaintiff Brock Fredin, proceeding *pro se*, hereby submits this reply/response to Defendant Kreil's January 18, 2022 Memorandum in Opposition to Plaintiff's Motion for Sanctions and Cross Motion to Seal and Preclude Further Filings and as a Supplemental Response to Defendants December 16, 2021 show cause motion:

## ARGUMENT

1.     In her response and motion, Anne Lockner fails to rebut or offer evidence in support of her numerous false statements. Instead, as expected, Ms. Lockner doubles down on her blatant lies to the Court. (*See* Lockner January 18 2022 Mem.)

<u>Safe Harbor Provision and *Sua Sponte* Sanctions</u>

2.     In her response, Ms. Lockner states that Plaintiff failed to provide for the "safe-harbor provision." (*See* Lockner January 18 2022 Mem. ¶ 3.) The court effectively waived the safe harbor by setting an emergency briefing schedule. This emergency briefing schedule was likely impacted by the Court's January 20, 2022 trial of three (3) ex Minneapolis police officers accused of violating George Floyd's civil rights.[1] This makes Ms. Lockner's "safe-habor provision" argument substantially weaker and unavailing given the extraordinary nature of these highly publicized trials. Regardless, Rule 11 allows for

---

[1] This trial is expected to be the most well publicized trials in the history of this Court. The entire Saint Paul Courthouse has been fenced off and millions of dollars have been spent on security to safeguard the judicial process. In accordance with these extraordinary measures, the emergency briefing schedule should disregard Defendants safe-harbor provision arguments as it relates to *sua sponte* sanctions. This is, in part, because the original George Floyd state trial is likely the most highly publicized and well-known trials in the last fifty (50) or hundred (100) years within this country.

*sua sponte* sanctions. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 n. 2 (4th Cir.2004) (noting that the court has the authority to impose sanctions *sua sponte* under either Rule 11 or under the court's inherent authority). *See also Projects Management Co. v. DynCorp International LLC*, 734 F.3d 366, 375 (4th Cir. 2013).

3. The only difference between the safe-harbor provision and *sua sponte* sanctions inherent in Fed. R. Civ. P. Rule 11 is the potential award of attorney fees. *Willhite v. Collins*, 459 F.3d 866 (8th Cir. 2006) (stating that under Rule 11, "it is not permissible to award attorneys' fees under Fed. R. Civ. P. Rule 11 when the sanctions are imposed *sua sponte*.") Because Plaintiff is not a licensed attorney, he is not eligible for attorney fees. In other words, the safe-harbor provision is somewhat meaningless for a non-attorney *pro se* litigant and implicitly converted into a request for *sua sponte* sanctions under Fed. R. Civ. P. Rule 11. This is because *sua sponte* sanctions can be issued by the Court under Rule 11, without a safe harbor, further proving that the safe harbor provision is inapplicable in this case.

4. To the extent otherwise, Plaintiff moves this Court for *sua sponte* sanctions from the Court in accordance with Plaintiff's previous sanctions motion related to Defendants or their counsels same or similar blatantly false statements and open lies to the Court. (*See Fredin v. Kreil*, Lockner Decl. ¶ 5-6, 11, Dock. No. 154; *Fredin v. Kreil*, Fredin Dec. 20, 2021 Decl; *Fredin v. Kreil*, Lockner Decl. ¶ 10-11, Dock. No. 154.)

<u>Request to Further Seal and Preclude Motion Filings</u>

5. In her motion, Ms. Lockner requests that the Court "seal materials that Fredin filed in conjunction with his sanctions motion." (*See* Lockner January 18 2022 Mem. ¶ 1.)

2

In addition, Ms. Lockner requests that Plaintiff be precluded from filing additional motions. (*See Id.* ¶ 11.)

6. Plaintiff objects to sealing these materials on the basis of his (1) confidential attorney-privilege through Robins Kaplan; and (2) that the public's right of access "outweighs" the need for "confidentiality". *Wright v. Capella Educ.* Co., No. 18-cv-1062 (WMW/ECW) (D. Minn. Mar. 8, 2021)

7. Ms. Lockner's argument to preclude Plaintiff from filing motions is "frivolous" and requires *sua sponte* sanctions. *Kearns v. KBR Rural Pub. Power Dist.*, No. 4:12CV3107 (D. Neb. June 13, 2012) (not tolerating frivolous arguments and subjecting the offending party to potential sanctions)

<u>Supplemental Response to Defendants December 16, 2021 Show Cause</u>

8. As described in his disqualification motion, Robins Kaplan engaged in misconduct by knowingly representing Defendant Kreil *pro bono* after they had an attorney-client relationship with Plaintiff. Plaintiff disclosed facts to Robins Kaplan that Robins Kaplan used against Plaintiff in this case. Plaintiff incorporates facts from his disqualification memorandums and declarations as a defense to Defendants December 16, 2021 show cause motion. [*Fredin v. Kreil*, Dock. No. 182; 181; 189.]

9. In light of these new facts, Plaintiff asserts attorney-client privilege as a defense to the December 16, 2021 show cause motion. It is "improper" for Defendants to have "intruded into an attorney-client relationship" by attempting to use information Plaintiff disclosed to Robins Kaplan against him. *United States v. Valencia*, 541 F.2d 618, 623 (6th Cir. 1976)

10. Defendants request for continued injunctive relief against Plaintiff when he has disclosed confidential information through an attorney-client privilege with Robins Kaplan or through their joint defense agreement flowing through Kutak Rock or Ballard Spahr amounts to an "overly broad restraint." *Tory v. Cochran*, 544 U.S. 734 (2005)

11. Defendants December 16, 2021 show cause motion is "tainted by undue influence arising out of the attorney-client relationship between the parties." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994)

12. Under no circumstances did Plaintiff "repost" the Haynes Hansen video. [*Fredin v. Kreil*, Dock. No. 182] Plaintiff is 1000% certain that he did not post or know anything about the Haynes Hansen iFunny.co video until he began to write his appellate briefs. Plaintiff stated that he respected the Court's holding despite the holding resting on false pretenses. *Id.* Indeed, if Plaintiff were to publish the videos listed in the Court's November 23, 2020 injunction, which he has not, he would post ALL the videos, not just the single Haynes Hansen video. [*Fredin v. Kreil*, Dock. No. 39.] Ms. Lockner's false accusation that Plaintiff "repost[ed]" the video must be yet another one of Defendants and their counsels' false reports – which are numerous – and attempts to "fabricate" the "most believable false information." (*See Fredin v. Kreil*, Lockner Decl. ¶ 5-6, 11, Dock. No. 154.)

13. In her January 18, 2022 response, Ms. Lockner did not *even* attempt to dispute facts further evidencing her own blatant lies to the Court consistent with Mr. Sieff's substance abuse – which attack the Court's integrity – regarding her knowingly false declaration statements. (*See Id.* ¶ 10-11, Dock. No. 154.) Ms. Lockner's knowingly false

4

statements regarding Mr. Sieff's substance abuse "subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court." *Matter of Wallace*, 46 B.R. 807, 811 (Bankr. W.D. Mo. 1984). This "conduct, when committed by an officer of the court, constitutes a failure to maintain personal integrity, reflects upon one's fitness to practice law, and brings the bench and the bar into disrepute." *In re Hoare*, 155 F.3d 937, 940 (8th Cir. 1998)

14. As described previously, Plaintiff has personally witnessed Robins Kaplan partner Philip Sieff repeatedly state publicly over a ten (10) year period that he "relapsed" and is a substance abuser. [*Fredin v. Kreil, Dock. No. 182.*] At many of those times, Mr. Sieff would follow Plaintiff to Plaintiff's car when Mr. Seiff obsessively talked about his substance abuse and "stress" as an attorney at Robins Kaplan. In fact, a thirty-seven (37) year unbroken line of clerks who clerked for this Court's Chief Judges i.e. Judge John R. Tunheim and Donald Alsop were in the room with Plaintiff (namely Edwin Chanin and Caitlinrose H. Fisher) in Minneapolis at various times when Mr. Sieff made these statements. At many of those times, those two were literally seated directly next to Plaintiff when Mr. Sieff made those statements. Ms. Lockner's knowingly false statements directly undermine and attack the integrity of this Court. This Court has an "obligation to protect the integrity of the court." *Nelson v. Mountain W. Farm Bureau Mut. Ins. Co.*, 209 F. Supp. 3d 1130, 1133 (D. Neb. 2016)

15. Mr. Sieff's "substance abuse" is "material" because Ms. Lockner attempted to use it in her December 16, 2021 show cause motion against Plaintiff in violation of his attorney-client privilege with the firm. *Vester v. Barnhart*, 416 F.3d 886 (8th Cir. 2005);

5

*See also Parra v. Astrue*, 481 F.3d 742, 750 n.7 (9th Cir. 2007); [*Fredin v. Kreil*, Dock. No. 153] Ms. Lockner's attempt to use Mr. Sieff's substance abuse against Plaintiff to levy exorbitant financial penalties or contempt sanctions is incredibly egregious considering that Ms. Lockner is using confidential information Plaintiff disclosed to Robins Kaplan vis-à-vis his attorney-client privilege with Robins Kaplan against him. Plaintiff requests immediate *sua sponte* sanctions asserted against Robins Kaplan for attempting to use Mr. Sieff's own substance abuse against Plaintiff in part to seek contempt sanctions.

16.   In her January 18, 2022 response and motion, Ms. Lockner falsely states that Plaintiff has "harassed" Defendant Kreil's counsel. [*Fredin v. Kreil*, Dock. No. 190 ¶ 1.] Similarly, Ms. Lockner falsely states that Plaintiff has published "harassing" videos about Defendants. *Id* ¶ 2. Ms. Lockner's statements belies the attorney-client confidence that Robins Kaplan shares with Plaintiff which prevent it from acting as Defendant Kreil's counsel.

17.   To be clear, at this point, the only party "harassing" Defendants including Defendant Kreil is Robins Kaplan and Kutak Rock. Robins Kaplan's tainted attorney-client privilege opens Defendant Kreil as well as Defendants to significant legal liability and abuse of process claims. In effect, Robins Kaplan is exploiting Defendant Kreil to meet its own radical ends. An "attorney's duty [is] to act loyally towards the client." *Thompson v. Harrie*, 404 F. Supp. 3d 1233, 1237 (D.S.D. 2019). Robins Kaplan is not representing Defendant Kreil's interests. Rather, it is representing its own interests. Put simply, Robins Kaplan's actions are a form of "harassment" to Defendant Kreil given that it exposes her to significant legal liability described above. This violation is particularly

6

egregious because Robins Kaplan has proverbially thrown both Defendant Kreil and Plaintiff under the bus in its unlawful scheme to silence Plaintiff's First Amendment exercise involving exposing unethical attorney misconduct. No doubt Ms. Lockner likely believes she can work in cahoots with the Court to silence Defendants and now her own misconduct.

18. To be even clearer, Ms. Lockner is a serial liar. The "litigation privilege" does not extend to Robins Kaplan or Ms. Lockner's "systematic fraud" on the Court. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 318 (3d Cir. 2014). This is also true where absolute or litigation privilege does not "extend" to Ms. Lockner's knowingly false "statements made in situations which there are no safeguards against" Ms. Lockner's "abuse" of Plaintiff's attorney-client privilege with Robins Kaplan. *Id.*

19. In effect, Ms. Lockner's knowingly false statements amount to perjury. In her January 18, 2022 response and motion, Ms. Lockner doubles or even triples down on her lies to the Court. These lies include falsely stating that "Fredin is undoubtedly behind the re-positng of [the video of Mr. Hansen]." *(See Fredin v. Kreil, Lockner January 18, 2022 Mem ¶ 7*; Dock. No. 190.) Ms. Lockner provides no new evidence in support of her blatantly false claims. *Id.* Plaintiff again moves for *sua sponte* sanctions pursuant to the Court's inherent authority related to Ms. Lockner's knowingly false statements to the Court.

20. In previous motions, Ms. Lockner committed perjury by engaging in several blatent lies to the Court. (*See Fredin v. Kreil*, Lockner Decl. ¶ 10-11, Dock. No. 154; *Fredin v. Kreil*, Fredin Dec. 20, 2021 Decl.) These lies include (1) deliberately lying to

7

the Court by stating that Philip Seif's substance abuse allegations are false; and (2) deliberately lying to the Court accusing Plaintiff of doing a "repost" related to the Haynes Hansen video on iFunny.co.

21. As a result, Plaintiff respectfully requests that Ms. Lockner's conduct be referred to the US Attorneys' Office for prosecution under perjury or related charges. At this point, Ms. Lockner's conduct, particularly in violation of Plaintiff's attorney-client privilege with Robins Kaplan, is unequivocally outrageous and likely criminal in nature.

22. If the Court wants to continue accepting Ms. Lockner's blatant lies as fact, without evidence, it further shows that this proceeding is not legitimate. And, that this proceeding is a sham e.g., denial of discovery, allowing Robins Kaplan to represent adverse clients simultaneously flowing through Kutak Rock/Ballard Spahr, among many other documented egregious violations of public trust.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court issue *sua sponte* sanctions, deny Defendants Cross Motion to Seal and Preclude Further Filings, and deny Defendants December 16, 2021 contempt motion.

Date: January 19, 2022

s/ Brock Fredin

8

Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the page limitation established by Local Rule 7.1 in that it does not exceed 12,000 words. This brief also complies with the typeface requirements of Local Rule 7.1, as it has been prepared in Microsoft Word using a proportioned spaced typeface of 13-point Times New Roman font.

Date: January 19, 2022

  s/ Brock Fredin  
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I electronically filed the foregoing with the Clerk of the District of Minnesota by using the CM/ECF system. The following participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

K. Jon Breyer
Kutak Rock
60 S. 6th Street
Minneapolis, MN  55402
Jon.breyer@kutakrock.com
*Attorney for Defendants'*

Anne M. Lockner
Robins Kaplan, LLP
8000 Lasalle Ave
Minneapolis, MN  55402
Anne.lockner@robinskaplan.com
*Attorney for Defendant Kreil*

Date: January 19, 2022

s/ Brock Fredin
Brock Fredin
(tel.) 612-424-5512
brockfredinlegal@icloud.com
*Plaintiff, Pro Se*