UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BROCK FREDIN,

          Plaintiff,

--against--

LINDSEY MIDDLECAMP,

          Defendants.

District Court Case No. 17-CV-3058 (SRN)

---

BROCK FREDIN,

          Plaintiff,

--against--

GRACE MILLER,
CATHERINE SCHAEFER,

         Defendants.

District Court Case No. 18-CV-466 (SRN)

---

BROCK FREDIN,

          Plaintiff,

--against--

JAMIE KREIL,

          Defendant.

District Court Case No. 20-CV-01929 (SRN)

**<u>DECLARATION</u>**

1

STATE OF WISCONSIN         }
                                        ss:
COUNTY OF SAINT CROIX    }

BROCK FREDIN, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned proceeding. I submit this declaration in support of my reply to Anne Lockner's January 21, 2021 response. [*Fredin v. Kreil*, Dock. No. 197.]

**VIOLATION OF ATTORNEY-CLIENT RELATIONSHIP AND PRIVILEGE**

2. Anne Lockner violated my attorney-client privilege and relationship with Robins Kaplan. Specifically, Anne Lockner used communications including documents provided under the guise of sacrosanct attorney-client privilege as a means with which to to silence me in seeking an unlawful injunction. This is a clear violation of Minn. R. Prof. Cond. Rules 1.6, 1.7, 1.8, 1.4, 1.9, 1.10, and 1.18.

3. In making disclosures, Anne Lockner identified and misused privileged communications stemming from my statements that I was being highly critical of Defendants and the state court system. Anne Lockner knew where to look for websites and videos based on these disclosures – a direct violation of attorney-client privilege.

4. Anne Lockner did not acknowledge her violation in good faith during the entire pendency of the underlying suit or in her various motions at this litigation stage. Instead, Anne Lockner tried to hide her conflict and coax me into fully disclosing the contents of all my privileged communications in filings to invalidate my attorney-client privilege – the very definition of unethical attorney misconduct.

5. Anne Lockner's contention and misapplication of Rule 1.18 is improper and would have, if correctly applied, walled off Anne Lockner at the outset based on her contact with Defendant Kreil as her prospective client. Instead, Anne Lockner persisted forward in her egregious misconduct in representing Defendant Kreil and now presents stupid arguments to this Court arguing that Rule 1.18 somehow applies in reference to shielding Philip Sieff. It doesn't and Anne Lockner must to be sanctioned for making this argument. *See* Minn. R. Prof. Cond. Rule 1.18(d)(2)(i)

6. More importantly, Anne Lockner's statements belie the fact that she was aware of her conflict much earlier than what she let on. Specifically, Anne Lockner knew about her conflict evidenced by Adam Kohstamm having his co-worker Assistant Attorney General Jason Marisam email the Court literally days after Anne Lockner secured an unlawful injunction.

### ANNE LOCKNER'S SERIES OF LIES AND MATERIALLY FALSE STATEMENTS

7. Anne Lockner has repeatedly made materially false statements to this Court, ranging from 1) the entire basis for the false rape allegation at the center of *Fredin v. Kreil*; 2) failure of a conflict checks at the outset of her notice of appearance; 3) the settlement emails where she improperly misrepresented, distorted, and lied about email contents falsely alleging "pressure" was applied to obtain an unlawful injunction; 4) openly knowingly lied and committed perjury about Philip Seiff's substance abuse – words that Philip Sieff stated countless times in front of former clerks from this Court/Eighth Circuit and I over several years; and 5) lied about a third party emailing the Court where Anne

3

Lockner falsely claimed I somehow directed it; and 6) lied and committed perjury in claiming – again without a single piece of evidence – that I "reposted" a Hayens Hansen video to iFunny.co.

8. Anne Lockner is well aware that Defendants emailed each other trying to cook up a silencing scheme because of their belief that I called Defendant Schaefer a "rapist". And, Anne Lockner was aware that Defendants used Defendant Kreil's knowingly false rape allegation as a direct retaliation to silence me because of their belief that I called Defendant Schaefer a "rapist". Anne Lockner used my confidential attorney-privilege against me by apparently soliciting Defendant Kreil's false rape allegation as a means to silence me by petitioning the Court for an unlawful injunction.

9. I am requesting that this Court refer Anne Lockner to the Minnesota Lawyers Office of Professional Responsibility for sanctions. It is my personal belief that Anne Lockner must be severely sanctioned and disbarred for her direct violation of my attorney-client privilege improperly used in an effort to bankrupt and assault me.

10. If Anne Lockner is not referred to the Lawyers Office of Professional Responsibility, there is something deeply flawed in how this Court has conducted itself in reference to its former colleague (namely Philip Seiff or Anne Lockner) and firm.

11. As stated in my reply brief, I fully realize this Court will bend over backwards to protect Anne Lockner and continue to conceal Defendants felony level misconduct.

12. At this litigation stage, Anne Lockner has stated that she wants to bankrupt me with a $500 per day fee as a reward for misusing confidential attorney-client privilege against me.

13. Defendants tortured and kidnapped me, in part, through the continued fabrication of Defendant Kreil's materially and knowingly false rape allegation. It is imperative that Anne Lockner finally be held accountable for trashing my attorney-client privilege and using this knowingly false allegation stemming from Defendants retaliatiatory tactics described above in an attempt to bankrupt and assault me.

14. . Specifically, Anne Lockner improperly uses privileged information gained about my legal strategy (namely being highly critical) to in an attempt to bankrupt and assault me. And, Anne Lockner repeatedly misused my attorney-client privilege in the following ways:

- actively solicited Defendant Kreil as a client knowing where to find her through violation of my attorney-client privilege;
- Anne Lockner actively solicited and adopted Defendant Kreil's knowingly false allegation because she knew – through violation of my attorney-client relationship and privilege; my legal strategy included being highly critical of Defendants -- that presenting this false allegation to the Court would ease her ability in seeking to persuade the Court to silence me.

15. The fact that this Court would rely on Anne Lockner's and K. Jon Breyer's knowingly false statements as the basis for threatening me with financial bankruptcy and

assault is egregious in itself. Now this Court is faced with the fact that Anne Lockner knew all along that she was violating a sacred privilege in silencing me speaks to the corrupt actions with which this Court has based its intimidation upon. Shockingly, this Court has even stooped so low as to allow Anne Lockner and K. Jon Breyer make materially false statements without a shred of evidence.

16. Lastly, I previously stated that a video about K. Jon Breyer was not public in a declaration at this litigation stage. I have reversed my stance beginning today on that video or any video specifically about K. Jon Breyer recently created on or after December 31, 2021. I am too busy and unmotivated right now to track down the citation on that specific video.

Dated: February 3, 2022

s/ Brock Fredin
Brock Fredin
Saint Croix Co., WI
(612) 424-5512 (tel.)
brockfredinlegal@icloud.com
*Plaintiff, pro se*