# Brock Fredin

Phone: (612) 424-5512 • E-Mail: brockfredin@icloud.com

Date:  February 11, 2022

**<u>BY ECF</u>**

Susan Richard Nelson
United States District Court
316 Robert St N
Saint Paul, MN 55101

      Re:      *Fredin v. Miller et al.*, Case No. 18-CV-466-SRN-HB
                 *Fredin v. Middlecamp*, Case No. 17-CV-3058-SRN-HB
                 *Fredin v. Kreil*, Case No. 20-CV-01928-SRN-HB

Dear Judge Nelson:

I write this corrected letter to the Court in reference to Anne Lockner's pending show cause motion.  Ms. Lockner's conduct has got considerably out of hand.

Ms. Lockner has made factual statements, not just allegations, attempting to get me held in contempt, to which she has provided no evidence, and the statements are not true.

As an attorney, Ms. Lockner is bound by Federal Rules of Civil Procedure Rule 11 which prohibits her from making arguments or asserting facts which have no basis.  These include:

- intentionally sought out and knew where to find Defendant Jamie Kreil as a "client" through the violation of my attorney-client privilege with her firm and misrepresenting her knowledge of these actions to the Court in what appears to be a strategic effort to silence me;
- lying and failing in her due diligence with respect to the entire basis for the false rape allegation at the center of *Fredin v. Kreil,* without evidence, falsely claiming there's a police report, and where the entire FOIA email chain shows the false allegation originates from Defendant Schaefer's retaliatory actions where she alleged I called her a "rapist" and "launched" a website;
- failure of a conflict check at the outset of her notice of appearance and then misrepresenting her actions to the Court;
- attempting to trick or coax me into divulging privileged attorney-client privilege contents to waive the privilege for purposes of holding me in contempt;
- settlement emails where she improperly misrepresented, distorted, and lied about email contents – without a single piece of evidence -- falsely alleging "pressure" was applied to obtain an unlawful injunction;

- knowingly lied and committed perjury in declarations with the Court in connection to Philip Seiff's substance abuse as described in my disqualification motion papers;
- lied about a third party emailing the Court where Ms. Lockner falsely claimed I somehow directed an unknown third party to email the Court; and
- lied and committed perjury in claiming – again without a single piece of evidence – that I "reposted" a Haynes Hansen video to iFunny.co.

The Court needs to hold Ms. Lockner accountable. Ms. Lockner cannot just come to this Court because I am a *pro se* litigant and say whatever she wants without evidence. This is particularly egregious because she is trying to hold me in contempt and fine me monetarily. Ms. Lockner is trying to muck up the waters. Ms. Lockner did not merely allege these statements. Rather, she stated that they were affirmatively true. The statements are not true and never were true.

Attorney argument, as a matter of law, cannot substitute facts and evidence. Any "statements of counsel are not evidence and do not create issues of fact." *Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir. 1995) (internal citations omitted). Moreover, "Argument by counsel is not evidence." *Wittenburg v. American Exp. Financial Advisors. Inc.*, 464 F.3d 831, 838 (8th Cir. 2006). It is "improper for counsel to argue facts not in evidence." *United States v. Vazquez–Garcia*, 340 F.3d 632, 641 (8th Cir.2003). *Gilster v. Primebank*, 884 F. Supp. 2d 811, 848 (N.D. Iowa 2012). Magistrate Judge Hildy Bowbeer – then a 3M lawyer – successfully argued on the same basis that attorney argument is not evidence. Specifically, Magistrate Judge Bowbeer said "these arguments are nothing more than attorney-generated and conclusory depictions that are not evidence capable of supporting a finding … [Magistrate Judge Bowbeer as a 3M lawyer] further argues the fact that Moldex had to resort to its own drawings establishes that the [attorney arguments] were not [facts] — which is required to establish [findings]." *3M Company v. Moldex-Metric, Inc.*, 641 F. Supp. 2d 834, 845 (D. Minn. 2009). Here, Ms. Lockner resorts to substantially worse distortions and dishonesty.

Unfortunately, in this show cause motion, Ms. Lockner is yet again trying to pass off her attorney argument as fact. And, misusing her fake client Defendant Jamie Kriel as a vehicle to engage in unethical attorney misconduct to silence me. Ms. Lockner's pattern of deliberately making false statements without evidence has gone too far and must be held accountable.

                                        Sincerely,

                                        s/ Brock Fredin
                                        Brock Fredin

cc:    Karl Johann Breyer (by ECF)
cc:    Anne M. Lockner (by ECF)