# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MINNESOTA

Brock Fredin,

       Plaintiff,

       v.

Jamie Kreil,

       Defendant.

Case No. 0:20-cv-01929-SRN-HB

## JOINT MOTION REGARDING CONTINUED SEALING
## OF DOCUMENTS PURSUANT TO LOCAL RULE 5.6

This joint motion is filed on behalf of Plaintiff Brock Fredin and Defendant

Jamie Kreil in the above-captioned matter and is in compliance with L.R.5.6

relating to documents temporarily filed under seal in connection with the

Plaintiff's Motion to Stay [Docket No. 192].

The following documents were filed under temporary seal:

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• That the parties agree should remain sealed;<br>• The parties agree should be unsealed;<br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| 205 | | Ex. A to Declaration of Anne M. Lockner:  Pdf screen capture of Fredin's "Judicial Protest" YouTube channel currently hosted at https://www.youtube.com/channel/UC6IHGp7-YN7N5MsvoIDXJ_g/videos | Defendant Kreil takes the position that the document should remain sealed.<br><br>Plaintiff Brock Fredin maintains this document must be public. | Kreil states that the document should remain sealed because it reflect content Fredin n an effort to harass and intimidate counsel and the Court in violation of the Court's Order [Dkt. 39]. The prejudicial effect of preserving it in the public record here outweighs the public interest in accessing it.<br><br>Fredin states the following: This is an important First Amendment case where the Court has granted an extraordinarily remedy of an injunction that effectively amounts to a prior restraint. An 8th Circuit Judge has issued a dissent and said that the Court overreached.  The public |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: <br> • That the parties agree should remain sealed; <br> • The parties agree should be unsealed; <br> • About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | has a right to know what's being said and what has been enjoined.  The Court and Defendants have failed to provide a precedent where an entire Court record is sealed when something has been requested to be taken down. Defendants and their counsel are the ones who have caused harm upon themselves by bringing the issue to Court. <br><br> Plaintiff has been enjoined without a jury, trial, or even a hearing.  The public has a right to know what is being enjoined. There is a public interest in what went on.  If Defendants and their counsel did not want it in the record, they should |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: <br>• That the parties agree should remain sealed; <br>• The parties agree should be unsealed; <br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | have described it, sent links, rather than taken screenshots of content they're deliberately targeting for sealing. <br><br> *E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058 (E.D. Va. Apr. 20, 2012) (denying motion to seal where it was public knowledge that there was a grand jury investigation against the defendant.) <br><br> *Friedman v. Sebelius*, 672 F. Supp. 2d 54 (D.D.C. 2009) (holding that it is less harmful to release a document that was once public than to release one that has never been made publicly accessible.) |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: <br> • **That the parties agree should remain sealed;** <br> • **The parties agree should be unsealed;** <br> • **About which the parties disagree.** | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | *Allstate Ins. Co. v. Warns*, Civil No. CCB-11-1846 (D. Md. Feb. 29, 2012) (denying motion to seal in connection to injunctive relief.) <br><br> *Hoffman Bros. Heating, & Air Conditioning, Inc. v. Hoffman Air Conditioning & Heating, LLC*, No. 4:19 CV 200 RWS (E.D. Mo. Mar. 28, 2019) (denying motion to seal because customer information can be redacted.) <br><br> *Mediacom Communications v. Sinclair Broadcast*, 460 F. Supp. 2d 1012 (S.D. Iowa 2006) (denying motion to seal in connection to injunctive relief because the content does not |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: • That the parties agree should remain sealed; • The parties agree should be unsealed; • About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | contain proprietary information.) There is a "common-law right of access to judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). |
| 205-1 | N/A | Ex. B to Declaration of Anne M. Lockner:  Pdf screen capture of Fredin's "Judicial Protest" Rumble account currently hosted at https://rumble.com/user/JudicialProtest | Kreil takes the position that the document should remain sealed. Plaintiff Brock Fredin maintains this document must be public. | Kreil states that the document should remain sealed because it reflect content Fredin n an effort to harass and intimidate counsel and the Court in violation of the Court's Order [Dkt. 39]. The prejudicial effect of preserving it in the public record here outweighs the public interest in accessing it. |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• That the parties agree should remain sealed;<br>• The parties agree should be unsealed;<br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | Fredin states the following: This is an important First Amendment case where the Court has granted an extraordinarily remedy of an injunction that effectively amounts to a prior restraint. An 8th Circuit Judge has issued a dissent and said that the Court overreached.  The public has a right to know what's being said and what has been enjoined.  The Court and Defendants have failed to provide a precedent where an entire Court record is sealed when something has been requested to be taken down. Defendants and their counsel are the ones who have caused |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• That the parties agree should remain sealed;<br>• The parties agree should be unsealed;<br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | harm upon themselves by bringing the issue to Court.<br><br>Plaintiff has been enjoined without a jury, trial, or even a hearing.  The public has a right to know what is being enjoined.  There is a public interest in what went on.  If Defendants and their counsel did not want it in the record, they should have described it, sent links, rather than taken screenshots of content they're deliberately targeting for sealing.<br><br>*E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058 (E.D. Va. Apr. 20, 2012) (denying motion to seal where it was public knowledge |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: <br> • **That the parties agree should remain sealed;** <br> • **The parties agree should be unsealed;** <br> • **About which the parties disagree.** | **Reason Why Document Should Remain Sealed or Be Unsealed** |
|---|---|---|---|---|
| | | | | that there was a grand jury investigation against the defendant.) <br><br> *Friedman v. Sebelius,* 672 F. Supp. 2d 54 (D.D.C. 2009) (holding that it is less harmful to release a document that was once public than to release one that has never been made publicly accessible.) <br><br> *Allstate Ins. Co. v. Warns,* Civil No. CCB-11-1846 (D. Md. Feb. 29, 2012) (denying motion to seal in connection to injunctive relief.) <br><br> *Hoffman Bros. Heating, & Air Conditioning, Inc. v. Hoffman Air Conditioning & Heating, LLC,* |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• **That the parties agree should remain sealed;**<br>• **The parties agree should be unsealed;**<br>• **About which the parties disagree.** | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | No. 4:19 CV 200 RWS (E.D. Mo. Mar. 28, 2019) (denying motion to seal because customer information can be redacted.)<br><br>*Mediacom Communications v. Sinclair Broadcast,* 460 F. Supp. 2d 1012 (S.D. Iowa 2006) (denying motion to seal in connection to injunctive relief because the content does not contain proprietary information.)<br><br>There is a "common-law right of access to judicial records." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: <ul><li>That the parties agree should remain sealed;</li><li>The parties agree should be unsealed;</li><li>About which the parties disagree.</li></ul> | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| 205-2 | N/A | Ex. C to Declaration of Anne M. Lockner:  Pdf screen capture of Fredin's "Judicial Dissent" YouTube channel currently hosted at https://www.youtube.com/channel/UCCTfm7nAA-UVDlft7Vc-dSw/videos | Kreil takes the position that the document should remain sealed.<br><br>Plaintiff Brock Fredin maintains this document must be public. | Kreil states that the document should remain sealed because it reflect content Fredin n an effort to harass and intimidate counsel and the Court in violation of the Court's Order [Dkt. 39]. The prejudicial effect of preserving it in the public record here outweighs the public interest in accessing it.<br><br>Fredin states the following: This is an important First Amendment case where the Court has granted an extraordinarily remedy of an injunction that effectively amounts to a prior restraint. An 8th Circuit Judge has issued a dissent and said that the Court overreached.  The public |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: • That the parties agree should remain sealed; • The parties agree should be unsealed; • About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | has a right to know what's being said and what has been enjoined.  The Court and Defendants have failed to provide a precedent where an entire Court record is sealed when something has been requested to be taken down. Defendants and their counsel are the ones who have caused harm upon themselves by bringing the issue to Court.<br><br>Plaintiff has been enjoined without a jury, trial, or even a hearing.  The public has a right to know what is being enjoined. There is a public interest in what went on.  If Defendants and their counsel did not want it in the record, they should |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information: • That the parties agree should remain sealed; • The parties agree should be unsealed; • About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | have described it, sent links, rather than taken screenshots of content they're deliberately targeting for sealing.<br><br>*E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058 (E.D. Va. Apr. 20, 2012) (denying motion to seal where it was public knowledge that there was a grand jury investigation against the defendant.)<br><br>*Friedman v. Sebelius,* 672 F. Supp. 2d 54 (D.D.C. 2009) (holding that it is less harmful to release a document that was once public than to release one that has never been made publicly accessible.) |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• That the parties agree should remain sealed;<br>• The parties agree should be unsealed;<br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | *Allstate Ins. Co. v. Warns*, Civil No. CCB-11-1846 (D. Md. Feb. 29, 2012) (denying motion to seal in connection to injunctive relief.)<br><br>*Hoffman Bros. Heating, & Air Conditioning, Inc. v. Hoffman Air Conditioning & Heating, LLC*, No. 4:19 CV 200 RWS (E.D. Mo. Mar. 28, 2019) (denying motion to seal because customer information can be redacted.)<br><br>*Mediacom Communications v. Sinclair Broadcast*, 460 F. Supp. 2d 1012 (S.D. Iowa 2006) (denying motion to seal in connection to injunctive relief because the content does not |

| Sealed Docket Number | Redacted Docket Number | Document Description | Precisely Identify Information:<br>• That the parties agree should remain sealed;<br>• The parties agree should be unsealed;<br>• About which the parties disagree. | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|
| | | | | contain proprietary information.)<br><br>There is a "common-law right of access to judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). |

Dated:  February 15, 2022         **ROBINS KAPLAN LLP**

                                  By:   */s/  Anne M. Lockner*
                                  Anne M. Lockner (0295516)
                                  J. Haynes Hansen (Bar No. 0399102)
                                  Ena M. Kovacevic (Bar No. 0400149)
                                  800 LaSalle Avenue, Suite 2800
                                  Minneapolis, Minnesota 55402
                                  Telephone: (612) 349-8500
                                  Fax: (612) 339-4181
                                  alockner@robinskaplancom
                                  hhansen@robinskaplan.com
                                  ekovacevic@robinskaplan.com

                                  *Counsel for Defendant Jamie Kreil*

Dated:  February 15, 2022         By:   */s/  Brock Fedin*
                                  Brock Fredin
                                  Saint Croix Co., Wisconsin 54002
                                  Telephone:  (612) 424-5512
                                  brockfredinlegal@icloud.com

                                  *Pro Se Plaintiff*

16